UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GILBERTO FRANCO on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff ) | **Case No.:** |
| ) | |
| v. ) ) | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ALLIED INTERSTATE LLC f/k/a ALLIED INTERSTATE, INC., ) ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| Defendant ) | |

## COMPLAINT — CLASS ACTION

GILBERTO FRANCO ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE LLC f/k/a ALLIED INTERSTATE, INC. ("Defendant"):

### INTRODUCTION

1. This is a consumer class action brought on behalf of consumers against a debt collector for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA"). This law prohibits debt collectors from engaging in false, deceptive, misleading or unfair collection practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant headquarters is located in the state of New York, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Brockton, Massachusetts.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its principal place of business located at 335 Madison Avenue, 27th Floor, New York, New York 10017.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiff in its attempts to collect a debt of another person.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS CONCERNING PLAINTIFF

11. Defendant and others it retained began, in or around March 2013 attempted to collect a consumer debt from Plaintiff.

12. The debt Defendant was attempting to collect, a student loan, arose out of transactions that were primarily for personal, family or household purposes.

13. The debt Defendant was attempting to collect is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. Defendant's collection attempts included sending correspondence to Plaintiff.

15. On or around March 22, 2013, Defendant sent correspondence to Plaintiff demanding payment of the alleged debt, and threatening garnishment actions if payment was not made. See Exhibit A, March 22, 2013 Letter.

16. The letter specifically states that if Plaintiff does not make payment arrangements for the alleged debt, he could be subject to "Administrative Wage Garnishment up to 15% of your pay."

17. This statement is false, deceptive and misleading as the law only permits wage garnishment up to 15% of Plaintiff's *disposable* pay.

18. By failing to state that the cap on garnishment was 15% of *disposable* pay, Defendant represented that a larger amount of Plaintiff's pay was subject to garnishment than is actually permitted by law.

19. There is a meaningful and substantial difference between the amount that can be lawfully garnished and the amount quoted in Defendant's letter.

## CLASS ACTION ALLEGATIONS

20. This action is brought as a class action.

21. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

22. This claim is brought on behalf of a Plaintiff Class, consisting of a class of

   a. All consumers in the United States to whom, during the one year period prior to the filing of this action and continuing through the resolution of this action, Defendant sent a letter substantially in the form attached hereto as Exhibits A in an attempt to collect a consumer debt allegedly owed to Sallie Mae or any

other lender to whom the same garnishment limitations apply.

23. The identities of all Class members are readily ascertainable from the records of Defendant.

24. Excluded from the Class is the Defendant and all of its respective officers, members, partners, managers, directors, and employees of the Defendant and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

25. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members.

26. The principal common questions include whether the FDCPA was violated by a representation in a standardized form collection letter that 15% of Plaintiffs' wages would be garnished instead of 15% of Plaintiffs' *disposable* income.

27. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical. Although the precise number of Class members is known only to Defendant, Defendant is one of the nation's largest debt collectors, and Defendant regularly collects or attempts to collect debt throughout the United States.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues

        is whether the FDCPA was violated by a representation in a standardized form collection letter that 15% of Plaintiffs' wages would be garnished instead of 15% of Plaintiffs' *disposable* income.

  (c)  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the same operative facts and are based on the same legal theories.

  (d)  **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel, Kimmel & Silverman, P.C., experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor their counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  (e)  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

28. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct

for Defendant, who, on information and belief, collects debt throughout the United States of America.

29. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## <u>CLAIMS</u>

### COUNT I
### DEFENDANT VIOLATED §1692e OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

30. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692e.

    a. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representations or means in connection with the collection of any debt.

    b. Here, Defendant violated §1692e of the FDCPA by stating that 15% of Plaintiff's pay was subject to garnishment, when in fact only 15% of Plaintiff's *disposable* pay was subject to garnishment.

### COUNT II
### DEFENDANT VIOLATED §1692e OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

    c. Section 1692f of the FDCPA prohibits a debt collector from using any

   unfair or unconscionable means to collect or attempt to collect any debt.

   d. Here, Defendant violated §1692f of the FDCPA by stating that 15% of Plaintiff's pay was subject to garnishment, when in fact only 15% of Plaintiff's *disposable* pay was subject to garnishment.

**TRIAL BY JURY**

22. Plaintiff is entitled to and hereby demands a trial by jury as to all issues so triable.

WHEREFORE, Plaintiff, by and through his attorneys, respectfully prays for relief as follows:

   a. That an Order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

   b. That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

   c. That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

   d. That the Court award costs and reasonable attorneys fees, pursuant to 15 U.S.C. §1692k(a)(3);

   e. An incentive award, in the discretion of the Court, for the time, effort and expense incurred by Plaintiff in connection with this action; and

   f. That the Court grants such other and further relief as may be just and proper.

1

2  DATED: 06/11/2013                    RESPECTFULLY SUBMITTED,

3                              BY:    */s/ Craig Thor Kimmel*
4                                     Craig Thor Kimmel
                                      Kimmel & Silverman, P.C.
5                                     30 E. Butler Avenue
                                      Ambler, PA 19002
6                                     Phone: (215) 540-8888 ext. 148
                                      Fax: (877) 788-2864 Fax
7                                     Email: kimmel@creditlaw.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT