**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | x | |
| GILBERTO FRANCO, on behalf of himself and all others similarly situated, | : : : | CASE NO.:  1:13-cv-04053-KBF |
| | : | |
| Plaintiff, | : : | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; AND REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |
| vs. | : : : | |
| ALLIED INTERSTATE LLC f/k/a ALLIED INTERSTATE, INC., | : : | |
| | : | |
| Defendant. | : | |
| | x | |

## I. PRELIMINARY STATEMENT

Plaintiff, GILBERTO FRANCO ("Plaintiff" or "FRANCO"), on his own behalf and on behalf of the class he seeks to represent, submits this Memorandum in opposition to Defendant Allied Interstate LLC, f/k/a Allied Interstate, Inc.'s ("Defendant" or "Allied") Motion to Dismiss for lack of subject matter jurisdiction and response to Defendant's opposition to Plaintiff's Motion for Class Certification.

## II. INTRODUCTION

This case concerns a debt collection company, Allied, who willfully, deliberately, and intentionally implemented collection policies and practices that violate the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA"). Although Defendant failed to offer complete relief to the entire class, in its Motion to Dismiss, it argues the Court should dismiss Plaintiff's Amended Class Action Complaint because its Federal Rule of Civil Procedure 68 Offer of Judgment ("Rule 68 Offer") rendered Plaintiff's entire action moot. Defendant's arguments in support of dismissal fail because Defendant relies on untenable interpretations of federal court decisions in contradiction to the holdings in the overwhelming majority of federal Circuit and

District court decisions – including this District – that do not allow for dismissal when a plaintiff, as in this case, has not delayed moving for class certification. Further, Defendant erroneously argues that because its Rule 68 Offer mooted Plaintiff's claim, Plaintiff is not a viable class representative, and as such, the Motion to Certify Class should also be dismissed. Because Defendant's contention that a Rule 68 Offer pre-emptively insulates a Defendant from class certification fails, so too does Defendant's argument in opposition to class certification.

## III. RELEVANT FACTS AND PROCEDURAL HISTORY

On June 13, 2013, Franco filed a putative class action, which alleges Defendant and its employees violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") by threatening to take an action that cannot legally be taken. [Doc. 1]. Specifically, Plaintiff alleged Defendant threatened Plaintiff – and the thousands of other consumers who received substantively identical letters – that if he did not make arrangements to pay the alleged debt, Plaintiff's wages would be subjected to "Administrative Wage Garnishment up to 15% of [his] pay." *Id*. Making such false statements violates the FDCPA.

On August 26, 2013, Defendant filed its Answer to Plaintiff's Complaint. [Doc. 21]. In its Answer, Defendant admitted this Court has Subject Matter Jurisdiction. [*Id.* at ¶2]. On September 10, 2013, Defendant sent Plaintiff a Rule 68 Offer. [Doc. 65-2]. While Defendant's Rule 68 Offer included maximum recovery for Franco as an individual plaintiff, it did not offer any class damages. Accordingly, in response to the Rule 68 Offer, Plaintiff informed Defendant that he would only agree to resolve this case on a class basis. Thereafter, the Parties proceeded with discovery and continued to negotiate settlement options. On September 10, 2013, Defendant made its Rule 68 Offer, which provided only individual relief and nothing to the class. [Doc. 65-2].

On September 20, 2013, the Parties personally appeared for the Initial Conference at which time the Court entered its Scheduling Order. [Doc. 29]. In its Scheduling Order, the Court set, *inter alia*, December 2, 2013, as the date for Plaintiff to file his Motion for Class Certification. *Id.*

On October 2, 2013, Plaintiff served his initial sets of written discovery on Defendant, which consisted of Interrogatories, Requests for Production of Documents, and Requests for Admission; Defendant responded to the propounded discovery on November 4, 2013. [Doc. 45, ¶9]. In its discovery responses, Defendant admitted all of the elements necessary to establish a claim under the FDCPA [*Id.* at ¶10, Exh. A, Nos. 2-7] and to certify a class action [*Id* at ¶10 Exh. A, Nos. 19 and 21; ¶11 Exh. B, No. 7].

Accordingly, pursuant to the Court's Scheduling Order, on December 2, 2013, Plaintiff filed his Motion for Class Certification and a Motion to Amend his Complaint to revise, *inter alia*, the class definition so it only encompassed a class of Massachusetts consumers instead of the entire nation. [Docs. 40-47]. Defendant opposed Plaintiff's Motion for Leave to Amend. [Doc. 57].

On January 10, 2014, the Court granted in part Plaintiff's Motion for Leave to Amend allowing Plaintiff to modify the class definition as noted, *supra*, but denying leave to join Defendant's parent company. [Doc. 62].

On January 24, Defendant filed as one document a Rule 12(b)(1) Motion to Dismiss Plaintiff's Amended Complaint and its Opposition to Plaintiff's Motion for Class Certification [Doc. 65]. In its Motion/Opposition, Defendant makes no effort to challenge its liability under the FDCPA or dispute that Plaintiff has satisfied each of the elements required for class certification under Rule 23(a) and 23(b)(3). *Id.* Instead, Defendant seeks to short-circuit the class procedure by arguing Plaintiff's claims have been mooted by virtue of its unaccepted Rule 68 Offer that provided no relief to the class. *Id.*

## IV. APPLICABLE LEGAL STANDARD

The standard for reviewing a Fed. R. Civ. P. 12(b)(1) motion to dismiss is essentially identical to the Fed. R. Civ. P. 12(b)(6) standard, except that "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Thomas v. Am. Serv. Fin. Corp.*, 2013 U.S. Dist. LEXIS 65073, *11 (E.D.N.Y. May 7, 2013) *quoting Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A case is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *Id.* In this regard, "[a] federal court lacks subject matter jurisdiction over an action unless the action presents an actual case or controversy." *Id.* at *12 *quoting Milton v. Rosicki, Rosicki & Associates, P.C.*, 2007 U.S. Dist. LEXIS 56872, *2 (E.D.N.Y. Aug. 3, 2007) (*accord S. Jackson & Son, Inc. v. Coffee Sugar & Cocoa Exch., Inc.*, 24 F.3d 427, 431 (2d Cir.1994)). Accordingly, "when parties lack a legally cognizable interest in the outcome of a case, a claim becomes moot for lack of subject matter jurisdiction. A legally cognizable interest requires that a plaintiff have a "personal stake" in the litigation." *Id.*

## V. ARGUMENT

Congress enacted the FDCPA to protect consumers from abusive, threatening, deceitful and otherwise unscrupulous debt collection practices. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996). The FDCPA is a strict liability statute, and thus "a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336, 339 (E.D.N.Y. 2002) (quoting Russell, 74 F.3d at 36).

The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies expressed therein. *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 666 (7th Cir.

2001); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 780 (9th Cir. 1982); *Whatley v. Universal Collection*, 525 F. Supp. 1204, 1206 (N.D.Ga. 1981). "Congress intended the Act to be enforced primarily by consumers...." *FTC v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980). "Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices, and courts are not at liberty to excuse violations where the language of the statute clearly comprehends them...." *Pipiles v. Credit Bureau of Lockport*, 886 F.2d 22, 27 (2d Cir. 1989).

Furthermore, Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. As a result, numerous FDCPA class actions have been certified in this Court and others throughout the United States of America..

## A.   Defendant's Letter Violates the FDCPA Because It Threatens to Take an Action That Cannot Be Taken, Specifically, Garnishing a Consumer's Gross Wages

Defendant's collection letter to Plaintiff, and all class members, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1) because it threatens an "Administrative Wage Garnishment up to 15% of [consumers] pay." [Doc. 67, Exh A]. This is a false and misleading statement because a debt collector is only able to garnish up to 15% of a debtor's *net* pay. Although a false threat, such threats are intended to scare the least sophisticated consumer into contacting the debt collector to negotiate a payment plan that would allow the consumer enough money for his day-to-day needs, including food and housing. Worse, the false threats regarding garnishment give the debt collector a competitive advantage over honest debt collectors who do not violate the FDCPA.

-4-

**B.     In A Class Action Brought Pursuant To The FDCPA, A Rule 68 Offer of Judgment Does Not Moot The Controversy**

The premise of Allied's argument in its motion to dismiss Franco's Complaint is that the Rule 68 Offer of Judgment tendered to Franco by Allied offering the maximum amount that Franco individually could recover for Allied's FDCPA violations divests this court of jurisdiction. Allied's premise is incorrect. Because the Offer of Judgment does not provide any recovery for the Plaintiff Class, the Rule 68 Offer did not moot the controversy or divest this court of subject matter jurisdiction.

1.     <u>Federal Rule of Civil Procedure 68 Was Intended as a Shield for Defendant's Wishing to Mitigate Litigation Costs and Fees in Losing Case</u>

Federal Rule of Civil Procedure 68 was intended to shield defendants from a punitive plaintiff seeking to drive up litigation costs when defendant wishes to waive the white flag and settle a matter for the full amount a plaintiff could receive at trial. *See Delta Airlines v. August*, 450 U.S. 346 (1981). Indeed, Rule 68 was intended to create a win-win situation wherein the plaintiff obtains full value of his complaint and the defendant is able to settle litigation it believes it will lose without incurring unnecessary litigation fees. *Id.* Rule 68 was <u>not</u> intended to serve as a sword for defendants to avoid culpability by mooting a claim or depriving a plaintiff of standing to continue to assert a claim. *Id.* Indeed, Rule 68 is simply a cost-shifting mechanism that provides that a prevailing plaintiff must pay the defendant's "costs" if he rejects a settlement offer that exceeds the amount recovered after trial. *Id.* In short, a Rule 68 Offer of Judgment does <u>not</u> defeat a right to seek class certification, nor does it deprive the court of subject matter jurisdiction over the case when plaintiff clearly intends to move for class certification. *See Deposit Guaranty National Bank v. Roper,* 445 U.S. 326 (1980).

2.   Congress Specifically Provided For Class Relief in Litigating FDCPA Violations

In drafting the FDCPA, Congress chose to implement a statutory framework to protect consumers against abusive and deceptive tactics by debt collectors such as Defendant. Unlike most Federal statutes, the FDCPA contains a provision explicitly providing for class wide relief when a debt collector violates the Act. 15 U.S.C. § 1692k(a)(2)(B). This provision is the result of Congressional recognition of the efficiency and enforcement problems posed by individuals being forced to, one by one, seek to enforce the FDCPA, thereby frustrating the underlying objectives of the FDCPA – that it have a deterrent effect on debt collectors' errant policies and practices. 15 U.S.C. § 1692(e).

Fed.R.Civ.P. 23(e) ("Rule 23"), which is the applicable rule addressing the dismissal of class actions, provides:

> "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

Franco derives his right to prosecute this action on a class basis not merely by virtue of the procedural requirement of Rule 23, but also by virtue of this substantive right granted by Congress. No reading of Rule 68 can ignore the Enabling Act and its mandate that "rules of procedure 'shall not abridge, enlarge or modify any substantive right,'" *Ortiz v. Fibreboard*, 527 U.S. 815, 845 (1999) (*citing Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 613 (1997) (quoting 28 U.S.C. § 2072(b)). *See also Kamen v. Kemper Financial, Inc.*, 500 U.S. 90 (1991) (striking procedural rule purporting to abolish substantive right to bring derivative action granted by state legislation). Allowing the Federal Rules of Civil Procedure to effectively terminate the class' statutory right to relief would disregard these principles and create friction between Rule 23 and Rule 68. *McDowall v. Cogan*, 216 F.R.D. 46, 51 (E.D.N.Y. 2003) ("when a defendant wishes to make a Rule 68 Offer

prior to class certification …it must do so to the putative class and not to the named plaintiff alone. … [t]his resolution allows the court to avoid the potential friction between Rule 68 and Rule 23.").

Granting Allied's motion to dismiss before the Court makes an affirmative decision on the class certification issue would ignore the numerous cases holding that a Rule 68 Offer cannot be used as a means to frustrate a plaintiff's attempt at class certification. Indeed, a case may only be dismissed pursuant to a Rule 68 Offer *after* Plaintiff has been afforded a meaningful opportunity to seek class certification. *See Tallon v. Lloyd & McDaniel*, 497 F.Supp.2d 847 (W.D.Ky 2007)(Rule 68 Offer deemed to moot the case after Plaintiff failed to take any action for more than 13 months); *Board of School Commissioners v. Jacobs*, 420 U.S. 128 (1975)(case dismissed after high school students suing on First Amendment grounds were granted leave to file for class certification but failed to do so, and graduated without taking any further action); *See also Abrams v. Interco,* 719 F.2d 23 (2d Cir. 1983); *Greisz v. Household Bank, N.A.,* 176 F.3d 1012, 1015 (7th Cir. 1999); *Gay v. Waiters and Dairy Lunchment's Union,* 86 F.R.D. 500, 503 (N.D. Cal. 1980).

In short, no reading of Rule 68 can ignore its mandate that "rules of procedure 'shall not abridge, enlarge, or modify any substantive right.'" *Ortiz v. Fibreboard*, 527 U.S. at 845 (*citing Amchem,* 521 U.S. at 613). Indeed, case law specifically requires a Rule 68 Offer made before class certification must include relief to the entire class. *See McDowall v. Cogan*, 216 at 51 ("when a defendant wishes to make a Rule 68 Offer prior to class certification …it must do so to the putative class and not to the named plaintiff alone"). Only after an affirmative decision on class certification is reached, and the same is denied, may a court enter judgment pursuant to a Rule 68 Offer when the offer provides the full measure of relief sought. *Abrams v. Interco,* 719 F.2d 23 (2d Cir. 1983); *See also Greisz v. Household Bank, N.A.,* 176 F.3d 1012, 1015 (7th Cir. 1999);

-7-

*Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 339 (1980); *Alpern v. Utilicorp United, Inc.,* 84 F.3d. 1525, 1539 (8th Cir. 1996).

By making the Rule 68 Offer and filing the Motion to Dismiss, Allied made a preemptive strike against class certification, and attempted to circumvent Congress' intent that the FDCPA be self-enforcing by private attorneys general. The Class, at least unless and until it is determined that no class may be certified, has an interest in the outcome of the case and curbing Allied's FDCPA violations. As such, Allied's motions to dismiss and opposition to class based on its Rule 68 Offer fail.

3.  <u>Plaintiff Has Not Delayed Seeking Class Certification</u>

The only instances when a Rule 68 Offer has mooted a case before the Plaintiff has moved for class certification is the rare instances when there has been undue delay in Plaintiffs' request for such. *Morgan v. Account Collection Technology, LLC,* 2006 U.S. Dist. LEXIS 64528, *15-17 (S.D.N.Y. Aug. 29, 2006). Indeed, absent undue delay by the moving party, a court shall grant a plaintiff the opportunity to file for class certification even after a defendant attempts to defeat a complaint simply by making a Rule 68 Offer. *Id. See also, Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001); *Vega v. Credit Bureau Enters.*, 2003 U.S. Dist. LEXIS 11539, *3-5 (E.D.N.Y. July 9, 2003) (finding that "[p]laintiff's claims ought not to be rendered moot by an offer of judgment submitted before counsel has a reasonable opportunity to compile a record necessary to support a motion for class certification."); *White v. OSI Collection Servs., Inc.*, 2001 U.S. Dist. LEXIS 19879 (E.D.N.Y. Nov. 5, 2001); *Nasca v. GC Servs. Ltd. P'ship*, 2002 U.S. Dist. LEXIS 16992, *3 (S.D.N.Y. Sept. 12, 2002) (refusing to find plaintiff's complaint moot where plaintiff had not "had a reasonable opportunity to file a motion for certification[]" prior to defendant's offer of judgment).

An unaccepted Rule 68 Offer of Judgment—for only the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does not moot a class action. *See e.g., Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081,1091-92 (9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249-50 (10th Cir. 2011); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008); *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004); see also, *Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 261 (W.D.N.Y. 2012) (finding that "the interests of the parties, as well as the interests of the court, are best served by deferring a determination on class certification until that [discovery] process is complete."); *accord. 3081 Main St. LLC v. Business Owners Liab. Team LLC*, 2012 U.S. Dist. LEXIS 136402 (D. Conn. Sept. 24, 2012).

Here, not only has there been no undue delay, Plaintiff has already timely filed its Motion for Class Certification in accordance with the Court's Scheduling Order. Granting Defendant's motion to dismiss would allow Allied to do exactly as the courts have cautioned against – giving defendants the ability to "pick off plaintiffs prior to ruling on a class certification." *See Roper,* 445 U.S. at 334 -339 (denying Plaintiff a right to proceed simply because the defendant has sought to "buy-off" the individual private claims would be contrary to sound judicial administration; requiring multiple plaintiffs to bring separate actions would frustrate the objectives of class actions and waste judicial resources). Here, Plaintiff diligently pursued his claim, including timely discovery requests, engaging in discussions with defendant's attorneys, and appropriately filing an amended complaint to reduce the class size pursuant to discovery. After exercising due diligence in properly ascertaining the class, Plaintiff acted without delay and promptly filed its Motion for Class Certification.

## <u>VI. CONCLUSION</u>

Plaintiff has sufficiently demonstrated that Defendant's Rule 68 Offer for individual relief does not moot the claims alleged in his class action complaint. Accordingly, Plaintiff respectfully requests that the Court deny the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Furthermore, because Defendant's entire opposition to the class certification is premised on Allied's erroneous assertion that its Rule 68 Offer mooted a matter diligently pursued by Plaintiff, Franco also respectfully requests the Court grant his Motion for Class Certification.

DATED:      Fresh Meadows, New York
            January 31, 2014

                                                 *s/ William F. Horn*
                                                 William F. Horn, Esq.
                                                 LAW OFFICE OF WILLIAM F. HORN
                                                 188-01B 71st Crescent
                                                 Fresh Meadows, NY 11365
                                                 Telephone: (718) 785-0543
                                                 Facsimile:  (866) 596-9003
                                                 E-Mail: bill@wfhlegal.com

                                                 Andrew T. Thomasson, Esq.
                                                 THOMASSON LAW, LLC
                                                 101 Hudson Street, 21st Floor
                                                 Jersey City, New Jersey 07302
                                                 Telephone: (201) 479-9969
                                                 Facsimile:  (855) 479-9969
                                                 E-Mail: andrew@thomassonllc.com

                                                 Craig Thor Kimmel, Esq.
                                                 Joseph L. Gentilcore, Esq.
                                                 KIMMEL & SILVERMAN, P.C.
                                                 30 E. Butler Avenue
                                                 Ambler, PA 19002
                                                 Telephone: (215) 540-8888
                                                 Facsimile:  (877) 788-2864 Fax
                                                 E-Mail: kimmel@creditlaw.com
                                                 E-Mail: jgentilcore@creditlaw.com

                                                 *Attorneys for Plaintiff, Gilberto Franco, and*
                                                 *all others similarly situated*