UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

| | |
|---|---|
| GILBERTO FRANCO on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ALLIED INTERSTATE LLC f/k/a ALLIED INTERSTATE, INC.,<br><br>　　　　　　　　　　Defendant. | 13 Civ. 4053<br><br>**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

------------------------------------------------------------------- x

　　　　Defendant Allied Interstate, LLC ("Defendant" or "Allied") submits this Memorandum of Law in further support of its Motion to Dismiss Plaintiff Gilberto Franco's ("Plaintiff" or "Mr. Franco") First Amended Complaint ("Complaint") and in reply to Plaintiff's Opposition.

　　　　As described in Defendant's moving papers, Plaintiff's FDCPA Complaint seeks statutory damages, and no actual damages. While Plaintiff has brought a putative class action, the class has not yet been certified, and therefore, for the purposes of this motion only Plaintiff's individual claim is at issue. FDCPA caps statutory recovery at $1,000. On September 10, 2013, Defendant offered judgment to Plaintiff in the amount of $1,501, which satisfies, and far exceeds, the statutory amount Plaintiff could receive if his claims were ultimately successful. "If the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot." *Wilner*, at 395-96 (S.D.N.Y. 2001), *citing Board of School Commissioners v. Jacobs*, 420 U.S. 128, 129 (1975).  In the absence of any remaining stake in the present litigation Plaintiff can no longer serve as an adequate class representative. *See Amchem Products, Inc. v.*

*Windsor*, 521 U.S. 591, 625-26 (1997), *Spann v. AOL Time Warner, Inc*., 219 F.R.D. 307, 320 (S.D.N.Y. 2003).

*Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980) specifically holds that "the right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims. *Should these substantive claims become moot in the Art. III sense, by settlement of all personal claims for example, the court retains no jurisdiction over the controversy of the individual plaintiffs*." *Roper*, at 332 (emphasis added). This is precisely the situation in this case, where Plaintiff's substantive has been mooted and Mr. Franco is no longer entitled to employ Rule 23. In fact, Plaintiff claims have been moot for months, since September 24, 2013, when Defendant's Offer of Judgment expired.

*McDowall v. Cogan,* 216 F.R.D. 46 (E.D.N.Y. 2003), on which Plaintiff relies, is less than helpful to Plaintiff's position. In *McDowall,* the plaintiff, after receiving a Rule 68 offer of judgment, before the class had been certified, moved to strike the offer immediately in an attempt to insulate herself from the responsibility for the costs of the litigation. Mr. Franco has made no such motion during the five months since the Offer of Judgment or, in fact, to date. More importantly, *McDowall* does not deal with the underlying question of mootness, which forms the basis of this motion, but only with the secondary issue of shifting legal fees. In any event, the *McDowall* decision notes that "Rule 68 is designed to insulate defendants willing to consent to judgment against incurring the costs of further litigation, and there appears no indication that protection should be denied defendants in class actions," therefore, the court declined to undertake "judicial amendment of the rule." *McDowall*, at 49.

- 3 -

Here, Mr. Franco's claim has been rendered moot by Defendant's Offer of Judgment and this Court no longer has jurisdiction to adjudicate the present controversy between Mr. Franco and Allied. Therefore, with no interest or stake in this litigation, Mr. Franco is unfit to serve as a class representative. Accordingly, Plaintiff Motion for Class Certification must be denied and the entire class action must be dismissed.

For the foregoing reasons, Defendant asks the Court to deny Plaintiff's Motion for Class Certification and dismiss Plaintiff's Complaint, along with such other and further relief as the Court deems just and proper.

                                                                     Respectfully submitted:

Dated: February 10, 2014

                                                     /s/ *Nana Japaridze*
                                                     Casey D. Laffey
                                                     Nana Japaridze
                                                     REED SMITH LLP
                                                     599 Lexington Avenue
                                                     New York, NY 10022
                                                     Tel. (212) 521-5400
                                                     claffey@reedsmith.com
                                                     njaparidze@reedsmith.com