USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  APR 0 2 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                     :

GILBERTO FRANCO, on behalf of himself  :
and all others similarly situated,
                                     :

                        Plaintiff,  :                  13 Civ. 4053 (KBF)
                                     :

                -v-                :              MEMORANDUM
                                   :          DECISION & ORDER

ALLIED INTERSTATE LLC f/k/a ALLIED  :
INTERSTATE, INC.,
                                     :

                    Defendant.  :
                                     :
-------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

On June 13, 2013, plaintiff Gilberto Franco brought this action against

defendant Allied Interstate, LLC alleging violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.  (ECF No. 1.)  Now before the

Court are plaintiff's motion for class certification and defendant's motion to dismiss.

For the reasons set forth below, defendant's motion to dismiss is GRANTED, and

plaintiff's motion for class certification is DENIED.

    I.     BACKGROUND

      For purposes of this motion, the Court assumes the truth of the following

allegations set forth in the amended complaint (ECF No. 67).

      Plaintiff claims that defendant used false, deceptive, and misleading

practices in violation of the FDCPA in connection with its attempts to collect an

alleged debt from plaintiff and others.  (Id. ¶¶ 12–34, 47, 48.)  Specifically, plaintiff

alleges that defendant sent written communications to Massachusetts residents, including plaintiff, which warned them that they might be subject to an administrative wage garnishment of 15% of their pay.  (Id. ¶¶ 20–24, Ex. A.) According to plaintiff, this statement violates §§ 1692e and 1692f of the FDCPA because the maximum allowable wage garnishment is in fact 15% of <u>disposable</u> income; thus, defendant falsely represented that a larger amount of plaintiff's pay was subject to garnishment than is actually permitted by law.  (Id. ¶¶ 25, 26.)

The FDCPA allows a successful individual plaintiff to recover only "any actual damage sustained" as a result of a defendant's violation of the statute, as well as "such additional damages as the court may allow, but not exceeding $1,000," and "the costs of the action, together with a reasonable attorney's fee determined by the court."  15 U.S.C. § 1692k(a)(2)(A).

On June 13, 2013, plaintiff filed the complaint in this action.  (ECF No. 1.) Plaintiff alleges only statutory damages, not actual damages.  (See Mem. of L. in Supp. of Pl.'s Mot. for Class Cert. 9, ECF No. 43.)

On September 10, 2013, defendant offered judgment to plaintiff pursuant to Federal Rule of Civil Procedure 68 in the amount of $1,501 plus reasonable attorneys' fees and costs to be determined by the Court.  (Def.'s Mem. of L. in Supp. of Mot. to Dismiss ("Def.'s Mot.") Ex. B, ECF No. 65-2.)  Plaintiff did not accept the offer of judgment, and informed defendant that he would only agree to resolve the case on a class-wide basis.  (Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss 1, ECF No. 75.)  On September 24, 2013, the offer of judgment expired.  (See Def.'s Mot. Ex. B.)

On December 2, 2013, plaintiff moved to certify a class of consumers who received a letter similar to the letter that he received, and on January 28, 2014, plaintiff filed an amended complaint. (ECF Nos. 42, 67.) On January 24, 2014, defendant moved to dismiss the action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and opposed plaintiff's motion for class certification. (ECF No. 64.) Those motions became fully briefed on February 10, 2014. (ECF No. 76.)

II.    LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005); see also Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011) ("[T]o survive [defendant's] Rule 12(b)(1) motion to dismiss, [plaintiff] must allege facts that affirmatively and plausibly that it has standing to sue."). In resolving such a motion to dismiss, the Court must construe all ambiguities and draw all inferences in plaintiff's favor. See Makarova, 201 F.3d at 113.

"When a case becomes moot, the federal courts lack subject matter jurisdiction over the action." Fox v. Bd. of Trustees of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994) (internal punctuation omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally

3

cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496

(1969). "The required legally cognizable interest has . . . been described as a

requirement that plaintiff have a 'personal stake' in the litigation. Without such a

personal stake, a court lacks subject matter jurisdiction and the case must be

dismissed." Ambalu v. Rosenblatt, 194 F.R.D. 451, 452 (E.D.N.Y. 2000) (citing Fox,

42 F.3d at 140).

   III.   DISCUSSION

      A. Mootness

   For the following reasons, defendant's Rule 68 offer of judgment to plaintiff

rendered his claim moot. Accordingly, the Court lacks subject matter jurisdiction

over the case, notwithstanding the pending motion for class certification.

   Rule 68 permits a defendant to "serve on an opposing party an offer to allow

judgment on specified terms." Fed. R. Civ. P. 68(a). A valid offer of judgment that

would satisfy a plaintiff's entire claim for relief by offering the maximum

recoverable amount under the statute renders a plaintiff's claim moot, even if

plaintiff refuses the offer of judgment. See Doyle v. Midland Credit Management,

Inc., 722 F.3d 78, 81 (2d Cir. 2013).

   Here, defendant offered plaintiff more than plaintiff's maximum recoverable

damages pursuant to Rule 68. The FDCPA authorizes damages for actual damage

sustained, as well as additional damages "not exceeding $1,000," and "the costs of

the action, together with a reasonable attorney's fee determined by the court." 15

U.S.C. § 1692k. Because plaintiff does not allege actual damages, defendant's Rule

4

68 offer, which permitted judgment to be taken against it for $1,501 plus reasonable costs and attorneys' fees as allowed by the Court, exceeds the available amount of statutory damages, costs, and allowable attorneys' fees. Because plaintiff refused that offer, plaintiff's claim is moot. See Doyle, 722 F.3d at 81.

Plaintiff argues that, because plaintiff's motion for class certification is pending before the Court but has not yet been decided, the offer of judgment to him individually—rather than to all members of the class—does not moot the class action. The law is clear that, when a court has already granted or denied class certification, mootness of the named plaintiff's personal claim does not render the entire action moot. U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 404 (1980); Sosna v. Iowa, 419 U.S. 393, 394 (1975). It is also clear that mootness of a named plaintiff's individual claim renders a collective action requesting statutory damages under the Fair Labor Standards Act (FLSA) moot even prior to certification. Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1526 (2013).

However, neither the Supreme Court nor the Second Circuit has ruled on the effect of a Rule 68 offer made prior to resolution of a Rule 23 (rather than FLSA) certification motion, as in this case. "[I]n general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot," subject to certain exceptions. Comer v. Cisneros, 37 F.3d 775, 798 (2d Cir. 1994). In particular, class certification may relate back to the filing of the complaint in circumstances that are "so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed

representative's individual interest expires." Id. at 799 (quoting Cnty. of Riverside v. McLaughlin, 500 U.S. 44, 52 (1991); Sosna v. Iowa, 419 U.S. 393, 402 n.11 (1975)).

Thus, district courts in this Circuit are split on the question of whether an offer of judgment to an individual plaintiff made while a certification motion is pending or before a certification motion is filed moots the putative class action. See Morgan v. Account Collection Tech., LLC, No. 05 Civ 2131 (KMK), 2006 WL 2597865, at *4–5 (S.D.N.Y. Sept. 6, 2006) (discussing the split). Some courts agree that a Rule 68 offer moots a class action in such circumstances, although courts have most commonly dismissed such actions before plaintiff has even filed a class certification motion, unlike here.[1] See, e.g., Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 258 F. Supp. 2d 157, 161 (E.D.N.Y. 2003); Edge v. C. Tech Collections, Inc., 203 F.R.D. 85, 88 (E.D.N.Y. 2001); Wilner v. OSI Collection Servs., Inc., 201 F.R.D. 321 (S.D.N.Y. 2001); Tratt v. Retrieval Masters Creditors Bureau, Inc., No. 00 Civ. 4560 (ILG), 2001 WL 667602, at *1 (E.D.N.Y. 2001); Ambalu v. Rosenblatt, 194 F.R.D. 451, 453 (E.D.N.Y. 2000). Other courts have stated that a case should only be dismissed as moot based on a Rule 68 offer prior to resolution of a class certification motion only if the plaintiff lacked a "reasonable opportunity" to file such a motion prior to the Rule 68 offer. See, e.g., Nasca v. GC Servs. Ltd. P'ship, No. 01 Civ. 10127 (DLC), 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002); White v. OSI Collection Servs., Inc., No. 01 Civ. 1343 (ARR), 2001 WL 1590518, at

---

[1] Defendant made its Rule 68 offer on September 10, 2013; plaintiff moved for class certification on December 2, 2013; and defendant moved to dismiss the action as moot on January 24, 2014.

*4 (E.D.N.Y. Nov. 5, 2001); Schaake v. Risk Mgmt. Alternatives, Inc., 203 F.R.D.
108, 112 (S.D.N.Y. 2001).

This Court adopts the views of the first line of cases.  As a general matter, "if
the claims of the named plaintiffs become moot prior to class certification, the entire
action becomes moot."  Comer, 37 F.3d at 798.  The Court is mindful that several
courts have nonetheless denied motions to dismiss actions as moot based on the
"relation back" doctrine, which hinges on "transitory" circumstances.  Those courts
have also noted the Supreme Court's concern in Deposit Guar. Nat'l Bank, Jackson,
Miss. v. Roper that defendants could "pick off" plaintiffs by offering judgment before
class certification, thus frustrating the objective of class actions.  See 445 U.S. 326,
340 (1980); see, e.g., Nasca, 2002 WL 31040647, at *2; White, 2001 WL 1590518, at
*2–3; Schaake, 203 F.R.D. at 110.

However, for substantially the same reasons as the Supreme Court stated in
Genesis Healthcare Corp., the "relation back" doctrine and the "picking off" concern
are inapposite here.  In that case, the Court held that the respondent's collective
action pursuant to the FLSA became moot when her individual claim became moot.
The Supreme Court rejected the applicability of the "relation back" cases not only
because they related to the Rule 23 context rather than the FLSA context, but for
the following reasons:

> The "inherently transitory" rationale was developed to address circumstances
> in which the challenged conduct was effectively unreviewable, because no
> plaintiff possessed a personal stake in the suit long enough for litigation to
> run its course.  A plaintiff might seek, for instance, to bring a class action
> challenging the constitutionality of temporary pretrial detentions.  In doing
> so, the named plaintiff would face the considerable challenge of preserving

his individual claim from mootness, since pretrial custody likely would end prior to the resolution of his claim. . . . [T]his doctrine has invariably focused on the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy.

Genesis Healthcare Corp., 133 S. Ct. at 1531 (emphasis added) (citations omitted).

A situation involving statutory damages rather than injunctive relief does not raise such concerns for the following reasons, which are equally applicable to the FDCPA as to the FLSA context:

> Unlike claims for injunctive relief challenging ongoing conduct, a claim for damages cannot evade review; it remains live until it is settled, judicially resolved, or barred by a statute of limitations. Nor can a defendant's attempt to obtain settlement insulate such a claim from review, for a full settlement offer addresses plaintiff's alleged harm by making the plaintiff whole. While settlement may have the collateral effect of foreclosing unjoined claimants from having their rights vindicated in respondent's suit, such putative plaintiffs remain free to vindicate their rights in their own suits. They are no less able to have their claims settled or adjudicated following respondent's suit than if her suit had never been filed at all.

Id. at 1531 (emphasis added).

In this case, defendant here has offered to address plaintiff's harm and make plaintiff whole; other potential plaintiffs remain "free to vindicate their rights in their own suits" despite the mootness of plaintiff's individual claim. Id. The Court is mindful that FLSA collective actions are subject to less strict principles than Rule 23 class actions, because plaintiffs must opt in to FLSA actions, unlike class actions. See Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 263 (S.D.N.Y. 1997). However, that distinction is irrelevant here. Plaintiffs seeking statutory damages under the FDCPA, which are capped at $1,000, are able to pursue those individual claims and

thus vindicate their individual rights even if a class action proves untenable—just as in the FLSA context.

For similar reasons, the Supreme Court's concern in Roper about "picking off" plaintiffs was inapplicable in Genesis Healthcare Corp., just as it is inapplicable here.  "Roper's holding turned on a specific factual finding that the plaintiffs[] possessed a continuing personal economic stake in the litigation, even after the defendants' offer of judgment," because the plaintiffs there could shift a portion of their attorney's fees and expenses to class litigants.  Genesis Healthcare Corp., 133 S. Ct. at 1532.  By contrast, here as in Genesis Healthcare Corp., defendant's offer of judgment offered plaintiff complete relief on his individual claims, and plaintiff "failed to assert any continuing economic interest in shifting attorney's fees and costs to others."  See id.

For these reasons, defendant's Rule 68 offer of judgment rendered plaintiff's claim moot notwithstanding the pending class certification motion.  Accordingly, the Court lacks subject matter jurisdiction over the action, and the complaint must be dismissed.

B. Class Certification

In the absence of a claim against defendant, plaintiff cannot adequately represent the purported class.  "[A] class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified."  Swan v. Stoneman, 635 F.2d 97, 102 n.6 (2d Cir. 1980).  Accordingly, plaintiff's motion to certify a class is denied.  See Comer, 37

9

F.3d at 798 ("[I]f the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot."); Ambalu, 198 F.R.D. at 395.

IV.   CONCLUSION

For the reasons stated above, plaintiff's motion for class certification is DENIED and defendant's motion to dismiss is GRANTED.  The Clerk of Court is directed to close the motions at ECF Nos. 42 and 64 and to terminate this action.

SO ORDERED.

Dated:      New York, New York
            April 2, 2014

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge