

N.Y.S.D. Case # 13-cv-4053(KBF)

14-1464-cv
Franco v. Allied Interstate LLC

**MANDATE**

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand fifteen.

PRESENT:  REENA RAGGI,
          RICHARD C. WESLEY,
          GERARD E. LYNCH,
                    *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 11, 2015

-----------------------------------------------------------------------
GILBERTO FRANCO, on behalf of himself and all others similarly situated,

        *Plaintiff-Appellant*,

v.                                                  No. 14-1464-cv

ALLIED INTERSTATE LLC, FKA Allied Interstate, Inc.,

        *Defendant-Appellee*.
-----------------------------------------------------------------------

1

| | |
|---|---|
| APPEARING FOR APPELLANT: | PHILIP D. STERN, (Andrew T. Thomasson, Debora K. Gerads, Thomasson Law, LLC, Jersey City, New Jersey, *on the brief*), Philip D. Stern, Attorney at Law, LLC, Union, New Jersey. |
| APPEARING FOR APPELLEE: | CASEY DEVIN LAFFEY, Reed Smith LLP, New York, New York. |
| FOR AMICUS CURIAE: | Adina Hyman Rosenbaum, Public Citizen Litigation Group, Washington, D.C., *for* Public Citizen, Inc. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 3, 2014, is VACATED, and the case is REMANDED for further proceedings.

Plaintiff Gilberto Franco ("Franco") appeals from the judgment of the district court dismissing his class action as moot. Franco argues that (1) defendant's unaccepted Rule 68 offer did not moot his individual claim, and (2) even if his individual claim were mooted, the class action would not be moot. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

On de novo review of the district court's determination of mootness, see Amador v. Andrews, 655 F.3d 89, 94–95 (2d Cir. 2011), we identify error in light of our most recent controlling precedent, Tanasi v. New Alliance Bank, --- F.3d ----, No. 14-1389-cv (2d Cir. May 14, 2015). Tanasi makes clear that Franco's individual claim was not mooted by

defendant's Rule 68 offer, which did not result in the entry of any judgment against the defendant. See id., slip op. at 11–13. Because Franco's individual claim was not moot, we need not address whether, had his claims been moot, the class action also would have been moot. See id., slip op. at 1–2, 12–13.

We therefore VACATE the judgment of the district court and REMAND for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

*Catherine O'Hagan Wolfe* (signature)

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*Catherine O'Hagan Wolfe* (signature)