Andrew T. Thomasson, Esq.*
*Managing Member*

*Admitted in NJ Only

# THOMASSON LAW, LLC

101 Hudson Street, 21st Floor
Jersey City, NJ 07302
Telephone: (201) 479-9969

WRITER'S DIRECT DIAL:
(973) 665-2056   telephone
(855) 479-9969   facsimile

WRITER'S E-MAIL:
andrew@thomassonllc.com

June 19, 2015

Hon. Katherine B. Forrest, U.S.D.J.
UNITED STATES DISTRICT COURT
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Franco vs. Allied Interstate LLC f/k/a Allied Interstate, Inc.*
            S.D.N.Y. Case No. 1:13-cv-04053-KBF

Dear Judge Forrest,

    I am co-counsel of record for Plaintiff, Gilberto Franco. I respectfully submit this letter in response to Your Honor's Order of June 16, 2015 [Doc. 88], which directed the Parties' to inform the Court as to their views on how to proceed with Defendant's Motion for the Entry of Judgment [Doc. 82] ("Motion for Judgment"). I have conferred with my adversary and, unfortunately, we disagree on how to proceed. For the reasons set forth below, Plaintiff believes the Court should render a decision on Plaintiff's *fully-briefed* Motion for Class Certification prior to entertaining Defendant's Motion for Judgment.

    Previously, the Court entered Judgment denying Plaintiff's Motion for Class Certification [Doc. 42] and dismissing this action on mootness grounds. [Doc. 79]. On May 18, 2015, the Second Circuit vacated the Judgment and remanded the case for further proceedings. [Doc. 81]. Jumping the gate, however, Defendant filed its Motion for Judgment [Docs. 82–84] before the Second Circuit's Mandate. On June 11, 2015, the Second Circuit issued its Mandate to the Court [Doc. 88]; however, the Court has not yet implemented it.

    Entertaining Defendant's Motion for Judgment – when the Court has yet to spread the Mandate – puts the "cart before the horse." In spreading the Mandate, the Court should return to where it left off and decide Plaintiff's *fully-briefed* Class Certification Motion [Doc. 42], which is ripe for adjudication; the Motion for Judgment is not. See, also, Fed. R. Civ. P. 23(c)(1)(A) (requiring the class certification decision at "an early practicable time").

    Defendant's Motion for Judgment is contrary to, and frustrates, the Mandate.

    The Second Circuit's reversal relied on its very recent decision in *Tanasi v. New Alliance Bank*, --- F.3d ----, No. 14-1389-cv (2d Cir. May 14, 2015), which held that a rejected Rule 68 Offer of Judgment never moots a plaintiff's claims. The *Tanasi* Court explained that, unlike a rejected Offer of Judgment, "[i]f the parties agree that a judgment should be entered against the defendant, then the district court should enter judgment. … Absent such agreement, however, the district court should not enter judgment against the plaintiff [sic]; nor, of course, should judgment be entered if it does not provide complete relief."

Hon. Katherine B. Forrest, U.S.D.J.
*Franco vs. Allied Interstate LLC*
June 19, 2015
Page 2

      Here, there is neither an agreement nor does Defendant's Motion for Judgment provide complete relief.

      Defendant's Motion for Judgment, if granted, would enter judgment against Defendant for $1,501 plus attorney's fees but it would also direct the Clerk "to dismiss all remaining putative class claims and requests for relief with prejudice." [Doc. 87]. Plaintiff's Amended Complaint, however, specifically prays for "judgment in his favor *and in favor of the Plaintiff Class*" and further prays for "an award of the *maximum statutory damages*…*for the Plaintiff Class* pursuant to 15 U.S.C. § 1692k(a)(2)(B) (i.e., the lesser of $500,000.00 or 1% of Defendant's net worth). [Doc. 67, ¶49]. (Emphasis added). Consequently, Defendant's Motion for Judgment, if granted, does not provide "complete relief" as required by the Second Circuit in *Tanasi*.

      The Motion for Judgment itself implies the Court's need to decide Plaintiff's Class Certification Motion *before* considering its Motion for Judgment. Indeed, the Motion for Judgment requests dismissal *with prejudice* of the putative class members' claims. As a matter of Due Process, however, the Court cannot grant that relief without first providing the putative class members with notice and an opportunity to be heard. To do so would require class certification, issuance of class notice, and then awaiting the expiration of an opt-out deadline.

      For all these reasons, the Court should not entertain Defendant's Motion for Judgment until after the Court decides Plaintiff's *fully-briefed* Class Certification Motion. Plaintiff leaves for the Court to decide whether the Motion for Judgment should be stayed pending its decision on the Class Certification Motion or denied without prejudice to be refiled, if at all, after a decision has been rendered on Plaintiff's Class Certification Motion.

Respectfully submitted,

Andrew T. Thomasson
*Via ECF Filing and*
*Via e-mail to  ForrestNYSDChambers@nysd.uscourts.gov*

cc:    All Counsel of Record *via ECF Filing and E-Mail*