

**Casey D. Laffey**
Direct Phone:  +1 212 549 0389
Email:  claffey@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

June 19, 2014

**Via ECF and E-Mail to ForrestNYSDChambers@nysd.uscourts.gov**

Hon. Katherine B. Forrest, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> Re:    **Franco vs. Allied Interstate LLC f/k/a Allied Interstate, Inc.**
>        **S.D.N.Y. Case No. 1:13-cv-04053-KBF**

Dear Judge Forrest:

Pursuant to Your Honor's Order of June 16, 2015 (Dkt. 88), the parties in this matter have conferred but were unable to reach a resolution with respect to Defendant Allied Interstate, LLC's  ("Defendant") motion for Entry of Judgment (ECF No. 82) ("Motion for Entry of Judgment").  Accordingly, Defendant respectfully submits this letter setting forth its position.

Defendant's position remains that, based on the Second Circuit's recent decisions in this matter and *Tanasi*, a district court has the discretion to enter judgment on the terms of an offer of judgment which affords complete relief to a plaintiff.  Here, entry of judgment is appropriate because, as this Court noted in its April 2, 2014 decision, the offer of judgment served upon Plaintiff on September 10, 2013 (and which offer Defendant remains willing to extend today) afforded Plaintiff more than the maximum relief permitted under the FDCPA, 15 U.S.C. 1692k(a)(2)(A).  In fact, the reason the Second Circuit reversed this Court's April 2, 2014 decision and remanded this action is that judgment had not been entered by this Court awarding Plaintiff the relief set forth in the offer of judgment.  As such, Defendant now asks this Court to enter judgment based on the terms of the offer of judgment.

Further, it is Defendant's position that, upon entry of judgment, Plaintiff's individual claims against Defendant would be moot and the Court would then be divested of subject matter jurisdiction to adjudicate the claims of the putative class.  This was the holding of the United States Supreme Court's majority decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), and the Second Circuit in *Tanasi* declined to reach the question of class action mootness leaving the holding and rationale of *Genesis* unchallenged in this Circuit.

Finally, because the Motion for Entry of Judgment impacts this Court's subject matter jurisdiction and the mootness of Plaintiff's claims and would render Plaintiff an inadequate representative of the putative class, Defendant believes that the Motion for Entry of Judgment should be decided before any adjudication of class certification.



June 19, 2014
Page 2


Accordingly, Defendant respectfully requests that the Court: (i) enter Judgment based on the terms of the offer of judgment or, alternatively, set a briefing schedule for opposition and reply papers relating to the Motion for Entry of Judgment; and (ii) stay all further proceedings in this action pending the Court's Entry of Judgment or decision on the Motion for Entry of Judgment.

We thank the Court for its attention to this matter.

Respectfully Submitted,

*/s/ Casey Laffey*


 cc: All counsel (via ECF)