UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GILBERTO FRANCO on behalf of himself               13-CV-4053
and all others similarly situated,

                Plaintiff,

     vs.

ALLIED INTERSTATE LLC f/k/a ALLIED
INTERSTATE, INC.,

                Defendant.
------------------------------------------------------------------------ x

**DEFENDANT'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF ITS MOTION FOR ENTRY OF JUDGMENT**

REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
*Attorneys for Defendant*

Defendant Allied Interstate, LLC ("Allied" or "Defendant") submits this Reply Memorandum in further support of its motion ("Motion") for entry of judgment against Defendant and in favor of Plaintiff Gilberto Franco ("Plaintiff"), individually, pursuant to Rule 54 of the Federal Rules of Civil Procedure, upon the same terms as those set forth in the previously-served Rule 68 Offer of Judgment, namely, in the amount of $1,501.00, plus reasonable attorneys' fees and costs (the "Offer of Judgment").

## PRELIMINARY STATEMENT

Despite Plaintiff's belated attempts to confuse the issues and now argue that Defendant's Offer of Judgment does not provide Plaintiff with complete relief on his individual claim, it is clear that Plaintiff has been offered all the relief he can hope to recover pursuant to his sole claim under the FDCPA. Moreover, for the following reasons, once judgment is entered against Defendant on the terms of the Offer of Judgment, both Plaintiff's individual claim and any putative class claims will be rendered moot and subject to dismissal.

First, as to Plaintiff's individual claim, the Second Circuit has already held that "the typically proper disposition in [this] situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer." *See Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013). In fact, the Second Circuit just reiterated this rule in a decision rendered on July 10, 2015. *See Bank v. Caribbean Cruise Line, Inc.* (No. 14-4720), annexed to the Declaration of Casey D. Laffey, Esq. ("Laffey Dec.") as Exhibit A (affirming entry of judgment on the terms of an unaccepted Offer of Judgment that provided full relief to the

1

named plaintiff).  As such, there is no dispute under the law of this Circuit that: (i) judgment must be entered against Allied for the relief proffered in its Offer of Judgment; and (ii) Plaintiff's sole individual claim under the FDCPA will then be rendered moot by the entry of a judgment providing him with complete relief on that claim.

Second, as to the claims of the putative class, this Court already held in its April 2, 2014 Order that "if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot."  April 2, 2014 Order, at p. 7, submitted with Defendant's Motion as Exhibit 1 (Dkt. 83-1).  Here, there is no dispute that a class has never been certified in this action.  Moreover, this Court's holding on this issue was not impacted by the Second Circuit's May 18, 2015 Summary Order on appeal (submitted with Defendant's Motion as Exhibit 3, Dkt. 83-3).  On the contrary, the Second Circuit merely held that, because judgment had not yet been entered against Allied pursuant to the terms of the Offer of Judgment, Plaintiff's individual claim was not yet moot and "[b]ecause Franco's individual claim was not moot, we need not address whether, had his claims been moot, the class action also would have been moot."  *See* Ex. 3, at p. 2.  As this Court noted in its April 2, 2014 Order, to allow this putative class action to proceed after Plaintiff's individual claim had been rendered moot would violate the most basic constitutional principle that a litigant's ability to maintain a lawsuit in federal court is always conditioned upon satisfaction of the case or controversy requirement of Article III of the United States Constitution.

Finally, Plaintiff's argument that this Court should decide his motion for class certification before deciding the instant Motion for the entry of judgment should be

rejected. As this Court is aware, the instant motion and the mootness issues raised here impact this Court's subject matter jurisdiction. *See* Ex. 1, at p. 9. Because subject matter jurisdiction is a threshold issue impacting this Court's ability to further adjudicate this action, the instant motion should be adjudicated first and before consideration of any class certification issues.

For all of these reasons and those set forth below, Defendant's motion should be granted and Judgment should be entered pursuant to the terms of the Offer of Judgment.

## STATEMENT OF FACTS

Defendant respectfully incorporates the Statement of Facts set forth in the Motion (Dkt. 84).

## ARGUMENT

On May 18, 2015, the United States Court of Appeals for the Second Circuit issued a Summary Order vacating this Court's April 2, 2014 judgment and remanding the case back to this Court. In so holding and relying on its recent decision in *Tanasi v. New Alliance Bank*, 2015 WL 2251472 (2d Cir. May 14, 2015), the Second Circuit stated in relevant part:

> *Tanasi* makes clear that Franco's individual claim was not mooted by defendant's Rule 68 offer, which did not result in the entry of any judgment against the defendant. Because Franco's individual claim was not moot, we need not address whether, had his claims been moot, the class action also would have been moot.

Based on the clear holding of the Second Circuit that the failure to enter judgment was the only thing precluding a finding of mootness, Defendant moved this Court to enter judgment against Defendant in accordance with the terms of the Offer of Judgment.

Entry of judgment in Plaintiff's favor will render his individual claim moot. Once Plaintiff's individual claim is rendered moot by the entry of judgment and he no longer has a stake in this litigation, he will be rendered unfit to represent the yet uncertified class, and the remaining class claims should also be dismissed, without prejudice, leaving putative class members free to pursue their individual claims in separate actions.

> **I. Defendant's Offer of Judgment Fully Satisfies Plaintiff's Individual Claim, Requires Entry of Judgment and Renders His Individual Moot.**
>
> **a. Entry of Judgment for the Full Relief Will Render Plaintiff's Claim Moot**

Despite Plaintiff's protestations, the Second Circuit has already established the proper way to adjudicate claims where a plaintiff was offered the maximum relief he could hope to obtain in an FDCPA action. The Second Circuit explained, in *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013), that "the typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer. Only after such a disposition is the controversy resolved such that the court lacks further jurisdiction." Most recently, the Second Circuit reiterated the *Cabala* holding in *Todd C. Bank v. Caribbean Cruise Line, Inc.* (No. 14-4720) and held that the plaintiff's claims "were mooted by the district court's entry of a judgment providing him with complete relief." *See* Ex. A.

This directive by the circuit court is directly applicable to the present situation where Plaintiff in an uncertified putative class action, having nothing but his individual claim at stake, was offered *more than* the maximum amount of recovery allowed under

4

the FDCPA. Pursuant to the holding in *Cabala*, which was recently echoed by the holding in *Tanasi* and *Bank*, the Court should enter judgment against the Defendant on the terms of the Offer of Judgment. Then, as the Second Circuit and the district courts have repeatedly held, "after judgment is entered, the plaintiff's individual claims will become moot for purposes of Article III." *See ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 94 (2d Cir. 2007); *Doyle v. Midland Credit Mgmt.*, 722 F.3d 78, 81 (2d Cir. 2013).

      **b.    Seeking Class Relief in His Complaint Does Not Vest Plaintiff with Immunity from Dismissal.**

Plaintiff's request for class relief contained within his Complaint does not change the fundamental constitutional principles of mootness, and he may not proceed in prosecuting this action simply because the case was brought as a putative class action. It is well established that "putative class members in Rule 23 class actions have no rights as parties prior to certification of a class," *see Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379 (2011), and "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1346 (2013).

Rule 23 itself makes it clear that, prior to class certification, there is no class to protect as far as the settlement of the named plaintiff's individual claim is concerned. Rule 23(e) requires court approval *only* for settlement of *certified* class claims, not plaintiff's individual claims prior to certification. Accordingly, putative class actions routinely settle on an individual basis and the unnamed putative class members are not adversely impacted by such settlements or resolutions. Nothing in Rule 23 prevents a

named plaintiff in a putative class action from settling his individual claims, voluntarily dismissing them, or having them decided on the merits by a dispositive motion. Moreover, nothing in Rule 23 precludes the dismissal of an uncertified class action where, as here, the named plaintiff's claims had been fully satisfied by a Rule 68 offer and judgment is entered in the plaintiff's favor. Nothing in Rule 23 suggest an exemption from the applicable mootness principles, especially since there is no "right" to bring a class action. *See e.g.*, *American Express Co. v. Italian Colors Rest.*, 133 S.Ct. 2304, 2310 (2013) (reasoning that "congressional approval of Rule 23 [does not] establish an entitlement to class proceedings for the vindication of statutory rights[,]" and "there is no evidence of such an entitlement in any event"). Thus, a complaint containing class allegations grants a plaintiff no special immunity from constitutional principles that apply to actions without those allegations.

Similarly, nothing in the Rule 68 suggests that it does not apply, or applies more restrictively, in the context of putative class action claims. *See,* 12 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3001.1 (2d ed. 2015) (stating that exempting class actions from Rule 68 "is inappropriate" given that there is no language in the Rules limiting the application of Rule 68, and that courts should limit the application of Rule 68 only if there is an amendment to the Rules).

Accordingly, Defendant's Offer of Judgment provided Plaintiff with more than complete relief on his individual class claims. Once judgment against Defendant is entered, Plaintiff's claims will be rendered moot.

### c.      Plaintiff's Argument Regarding Attorney's Fees is a Red Herring.

Plaintiff's argument that the issue of attorney's fees would somehow preclude the entry of judgment in Plaintiff's favor and the resulting mootness is also meaningless. As a prevailing party under the FDCPA, Plaintiff "is presumptively entitled to an award of reasonable attorney's fees." *See* 15 U.S.C. § 1692k(a)(3); *Cabala*, 736 F.3d at 228 (2d Cir. 2013).  The Offer of Judgment clearly includes an award of reasonable attorney's fees and costs and, upon the entry of judgment, the award of fees and costs will be granted simultaneously with the statutory damages.

Following the dismissal of Plaintiff's substantive claims as moot, the parties would be free to agree on a reasonable amount of fees and costs without this Court's involvement.  Should the Court's intervention be necessary, it would be for a limited purpose of determining the reasonable amount of fees and costs, an award for which would have already been made prior to dismissal, as is ordinarily done in this and other districts. *See e.g.*, *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 161 (E.D.N.Y. 2003) (following dismissal of the complaint as moot the "Court shall retain jurisdiction to determine the amount of reasonable attorney's fees and costs of the suit and then the Court of the Clerk will be directed to enter judgment against the defendant in accordance with its Rule 68 offer of judgment."); *Ambalu* at 453 ("This court shall retain jurisdiction to determine the amount of reasonable attorney's fees and costs of the suit.")

## II. Entry of Judgment Against Plaintiff Also Moots the Putative Class Claims.

Although Plaintiff seeks to represent a putative class of consumers, no class has been certified by this Court. Moreover, this Court's finding that "if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot" stands unaffected by the Second Circuit's May 18, 2015 Summary Order and is law of the case. *See,* Exs. A, 1.

In any event, prevailing case law mandates the finding of mootness of putative class claims upon the finding that Plaintiff's individual claim is moot. Since no application for class certification has been denied, unlike in *U.S. Parol Commission v. Geraghty*, 445 U.S. 388, 404 (1980), which Plaintiff cites, Plaintiff will have no remaining stake in appealing such a denial. Furthermore, because FDCPA provides a fee-shifting scheme, Plaintiff has no remaining "economic interest" in litigating the potential ability to shift attorneys' fees, as in *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 332 (1980), on which Plaintiff also attempts to rely. Accordingly, once Plaintiff's individual claims are rendered moot by the entry of judgment and he no longer has a stake in this litigation, he will be rendered unfit to represent the yet uncertified class, and the remaining class claims should also be dismissed, without prejudice.

### a. This Court's Finding that upon Finding of Mootness of Plaintiff's Individual Claim the Class Claims Are Moot Has Not Been Reversed and Is Binding.

In its April 2, 2014 Order, this Court unequivocally held in regards to the putative class action that "if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot." *See* Ex. 1, at p. 7. The Second Circuit, in

8

its May 18, 2015 Summary Order, did not consider the question of class mootness and therefore, did not reverse this Court's holding on that issue. *See* Ex. 3., at p. 2 ("[b]ecause Franco's individual claim was not moot, we need not address whether, had his claims been moot, the class action also would have been moot."). It is well established that "[w]here matters are not expressly or implicitly decided by the appellate court… the district court's decision remains the law of the case for those issues not reviewed on appeal." *Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC*., 152 F.R.D. 18, 25 (S.D.N.Y. 1993); *Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co*., 611 F. Supp. 2d 373, 378 (S.D.N.Y. 2009) aff'd, 374 F. App'x 71 (2d Cir. 2010) ("if the trial court's decisions were not ruled on by the higher court, the trial court's decision remains the law of the case. This means, that if an appellate court reviewed a trial court's decision, but did not address an issue that the trial court decided, the trial court's decision remains the law of the case.")

Accordingly, once Plaintiff's individual claim is rendered moot by the entry of judgment, this Court's reasoning as to the mootness of class claims must apply and the Court should once again hold that the putative class claims are moot.

### b. Finding Class Claims Moot Is Consistent with the Decisions of the U.S. Supreme Court, Circuit Courts and Other District Courts in this Circuit.

Neither the United States Supreme Court nor the Second Circuit Court of Appeals have directly addressed the issue of mootness in the FDCPA putative class context prior to a decision on class certification, but the United States Supreme Court has ruled in favor of the defendant in an analogous context, and the Second Circuit has previously

9

suggested that a putative class representative who lacks a live case or controversy when class certification is sought cannot adequately represent a putative class.

In the *Genesis* case, the Supreme Court unequivocally held that mootness of a named plaintiff's individual FLSA claim prior to certification renders the putative class action moot. In so holding, the Court stated:

> a claim for damages cannot evade review; it remains live until it is settled, judicially resolved, or barred by a statute of limitations. Nor can a defendant's attempt to obtain settlement insulate such a claim from review, for a full settlement offer addresses plaintiff's alleged harm by making the plaintiff whole. While settlement may have the collateral effect of foreclosing unjoined claimants from having their rights vindicated in respondent's suit, such putative plaintiffs remain free to vindicate their rights in their own suits. They are no less able to have their claims settled or adjudicated following respondent's suit than if her suit had never been filed at all.

*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1531 (2013). Although Plaintiff attempts to distinguish *Genesis* because it is an FLSA case, the decision is fully applicable in the Rule 23 context when there has been no class certification ruling. The "fundamental difference" noted in *Genesis* between a Rule 23 class action and an FLSA collective action manifests only *after* an initial certification decision. This is because, while in an FLSA collective action only plaintiffs who affirmatively opt in are bound by the judgment, in a typical Rule 23 class action seeking monetary damages, potential class members are bound by the judgment unless they affirmatively opt out. *Compare* 29 U.S.C. 216(b) *with* Fed. R. Civ. P. 23(c)(2)(B). As such, this Court should follow the well-reasoned decision in *Genesis*.

The Second Circuit has also previously held that a "class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified." *Swan v. Stoneman*, 635 F.2d 97, 102 n. 6 (2d Cir. 1980). While in *Swan*, the plaintiff's claim was mooted as a result of the plaintiff's death, the unequivocal holding is that the absence of a live claim by the named plaintiff/proposed class representative is fatal to a putative class action. *See id.* Subsequent case law from the Second Court has recognized that, absent certain exceptions which are not present in this case, "if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot." *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994).

Other New York district courts have consistently held that an uncertified class can be mooted by an offer of judgment, and both the individual claims and the class claims should be dismissed for lack of subject matter jurisdiction. For example, in *Ambalu*, the District Court for the Eastern District of New York dismissed an uncertified class action case for lack of subject matter jurisdiction. *Ambalu v. Rosenblatt,* 194 F.R.D. 451, 453 (E.D.N.Y. 2000). A subsequent decision from the Eastern District of New York adopted the *Ambalu* holding "as being entirely dispositive" and granted the defendant's motion to dismiss. *Tratt v. Retrieval Masters Creditors Bureau, Inc.*, 2001 WL 667602, *2 (E.D.N.Y. May 23, 2001). Similarly, in the *Edge* and *Wilner* decisions, while eventually denying the motions on other grounds, the district courts noted that they "wholeheartedly" agreed with the reasoning in *Ambalu*. *See Edge v. C. Tech Collections, Inc.,* 203 F.R.D. 85 (E.D.N.Y. 2001); *Wilner*, 201 F.R.D. at 395. Even more recently, in

*Geismann*, which is currently on appeal, the Southern District of New York specifically held that a defendant's offer of judgment, which exceeded any recovery plaintiff could have received under the applicable statute, mooted her individual claims as well as those of a putative class. *Geismann v. ZocDoc, Inc.,* 60 F. Supp. 3d 404, 405 (S.D.N.Y. 2014).

Accordingly, once judgment is entered for Plaintiff, his claims will be moot. In the absence of a class certification, no class action can proceed without a live case or controversy involving a named plaintiff.

### c. The Constitution Prohibits Adjudicating Plaintiff's Mooted Claims.

It is well settled that Article III of the United States Constitution prohibits this Court from adjudicating moot claims. *See* U.S. Const. art. III, § 2, *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) ("The exercise of judicial power under Article III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions."), *Powell v. McCormack*, 395 U.S. 486, 495 (1969) ("If a federal court lacks subject matter jurisdiction over a cause of action, the court shall dismiss the action.").

The case or controversy requirement continues to exist throughout the entire litigation and in order to sustain jurisdiction, "the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990). Because the plaintiff is required to have a personal stake in the litigation, "without such a personal stake, a court lacks subject matter jurisdiction and the case must be dismissed." *Ambalu*, 194 F.R.D. at 452 (*citing Fox v. Bd. of Trustees of State Univ. of*

*N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) ("When a case becomes moot, the federal courts lack subject matter jurisdiction over the action.").

These principles are directly implicated in FDCPA cases such as this one where an offer of judgment is made that exceeds the amount of the asserted claim. A valid offer of judgment that would satisfy a plaintiff's entire claim for relief under the FDCPA eliminates the controversy between the parties and leaves nothing for the district court to resolve, effectively mooting the action and eliminating jurisdiction.

In the instant case, Plaintiff's claimed damages are limited to statutory, not actual, damages. Defendant's Offer of Judgment permitted judgment to be taken against Defendant for the amount exceeding Plaintiff's maximum possible statutory recovery, which Plaintiff rejected. Under any circumstances, Plaintiff cannot recover more than Defendant has offered. Article III of the United States Constitution thus mandates finding that the district court is without jurisdiction to hear this dispute once judgment is entered in Plaintiff's favor.

Significantly, dismissal of the instant putative class action without prejudice does not deprive any of the potential class members of their constitutional rights as each is free to proceed with his or her individual claim and recover statutory damages *at no cost to the plaintiffs* due to the fee-shifting scheme of the FDCPA. *See* 15 U.S.C. § 1692k (a)(3). Thus, once Plaintiff's claim are rendered moot by the entry of judgment, other potential plaintiffs will remain "free to vindicate their rights in their own suits" despite the mootness of Plaintiff's individual claim. *See Genesis*, 133 S. Ct. at 1526. The fee-shifting provision of the FDCPA provides these potential plaintiffs with full incentive to

do so and class actions are not necessary to incentivize plaintiffs because any prevailing plaintiff's fees and costs are reimbursed under the statute. Thus, even unsophisticated and low-income plaintiffs would not be disadvantaged or deterred from litigating their cases because they would not be burdened with the expense associated with legitimate claims. Additionally, because statutory damages, such as those under the FDCPA, are not "transitory" and cannot evade review, even if a named plaintiff's claim becomes moot, any member of the putative class remains free to pursue their independent claims outside of the class action scheme, and without incurring attorneys' fees. *See id.*

### d.  A Named Plaintiff with No Stake in the Litigation Cannot Represent a Class

After Plaintiff's claim is rendered moot by the entry of judgment, Plaintiff cannot adequately represent the purported class because "a class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified." *Swan*, 635 F.2d at 102 n. 6 (2d Cir. 1980).

Rule 23(a)(4) requires that a class representative have sufficient interest in the outcome of the case to "fairly and adequately protect the interests of the class" and to "vigorously pursu[e] the claims of the class." Fed. R. Civ. P. 23(a)(4); *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 249 (2d Cir. 2011). An adequate class representative must "possess the same interest and suffer the same injury as the class members." *Spann v. AOL Time Warner, Inc.*, 219 F.R.D. 307, 320 (S.D.N.Y. 2003) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997)). However, "if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot." *Comer*, 37 F.3d at 798.

As the Supreme Court recognized in *Roper*, "the right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims. Should these substantive claims become moot in the Art. III sense, by settlement of all personal claims for example, the court retains no jurisdiction over the controversy of the individual plaintiffs." 445 U.S. at 332. The Rule 23 class action sought by Plaintiff in this action cannot trump the requirements of Article III of the United States Constitution. *See* Fed. R. Civ. P. 82 (stating that the Federal Rules "do not extend or limit jurisdiction of the district court"). Thus, Plaintiff's substantive claim has been mooted, and Plaintiff can no longer avail himself of Rule 23 to pursue nonexistent class claims.

### III. Defendant's Instant Motion Must Be Decided Before Plaintiff's Motion for Class Certification Because It Addresses a Threshold Jurisdictional Question

Regardless of any other pending motions in this matter, this Court must decide the threshold issue of its jurisdiction first. *See, e.g., Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter ... is inflexible and without exception' [because w]ithout jurisdiction the court cannot proceed at all in any cause.") (internal citations omitted). In its decision, the Second Circuit held that the only thing precluding the mootness of Mr. Franco's claims is precisely the relief requested in the instant Motion. Once decided, this Motion will determine the threshold question of this Court's jurisdiction to adjudicate the instant dispute. No other action can be taken sooner. [1]

---

[1] While it is Defendant's firm position that the United States Constitution requires this Court to decide the instant motion *prior* to considering Plaintiff's motion for class certification, should the Court nevertheless elect to consider the motion for class certification first, Defendant respectfully requests an opportunity to

## **CONCLUSION**

For all of these reasons and those set forth in Defendant's moving papers, the instant Motion should be granted and Judgment should be entered pursuant to the terms of the Offer of Judgment, along with such other and further relief the Court deems just, proper and equitable.

Respectfully submitted,

Dated: New York, New York
       July 20, 2015

REED SMITH LLP

By: */s/ Casey D. Laffey*
    Casey D. Laffey
    Nana Japaridze
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450
*Attorneys for Defendant*

---

file supplemental briefing on that motion as it is clear that Plaintiff – an individual who has been provided with complete relief – is not an adequate representative of the putative class.