```
                                              USDC SDNY
                                              DOCUMENT
                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                  DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                 DATE FILED: November 30, 2015
------------------------------------------------------------X
                                          :
GILBERTO FRANCO, on behalf of himself     :
and all others similarly situated,        :
                                          :
                        Plaintiff,        :     13-cv-4053 (KBF)
            -v-                           :
                                          :     OPINION & ORDER
ALLIED INTERSTATE LLC,                    :
                                          :
                        Defendant.        :
------------------------------------------------------------X
```

KATHERINE B. FORREST, District Judge:

Plaintiff brings this action against defendant, a national debt collection agency, alleging that defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"). (Am. Compl. ¶ 1, 2, 9.) This Court previously dismissed the Amended Complaint on the basis that defendant's offer of judgment to plaintiff pursuant to Federal Rule of Civil Procedure 68—which exceeded the maximum damages award available to him under the FDCPA and which plaintiff rejected—rendered plaintiff's claim moot. (Mem. Decision & Order, Apr. 2, 2014, ECF No. 78 ("4/2/14 Op.") at 9.)

Plaintiff appealed. The Second Circuit held that in light of <u>Tanasi v. New Alliance Bank</u>, 786 F.3d 195 (2d. Cir. 2015) (<u>as amended</u> May 21, 2015), plaintiff's "individual claim was not mooted by the Rule 68 <u>offer</u>, which did not result in the entry of any <u>judgment</u> against the defendant." <u>Franco v. Allied Interstate LLC</u>, 602 F. App'x 40, 41 (2d Cir. 2015) (summ. order) (emphasis added). The Court of

Appeals did not reach the action of whether the class action would have also been moot. Id.

Defendant has now offered judgment referencing "unconditional surrender"[1] and affording complete relief to plaintiff. Accordingly, judgment shall be entered against defendants under Rule 68. This entry of judgment moots plaintiff's individual claim. There is therefore no longer any named plaintiff with an interest in the litigation to proceed with a claim on behalf of a class. Plaintiff Franco cannot nominally continue in some capacity as class representative as he would definitionally be atypical and not an adequate representative.

I. BACKGROUND

A. Prior Proceedings

On June 13, 2013, plaintiff Gilberto Franco brought this action against defendant Allied Interstate, LLC. (ECF No. 1.)[2] Plaintiff alleges that defendant violated FDCPA when it used false, deceptive, and misleading practices in its attempts to collect alleged debts from plaintiffs and other consumers in Massachusetts. (Amended Compl. ¶ 1, 25-32.) Specifically, plaintiff alleges that defendant's written communications warned debtors that they may be subject to

---

[1] Defendant's [Proposed] Judgments cites this language from Tanasi before that opinion was amended, and the Court understands defendant to mean that it does "totally surrender" as to plaintiff's claim. That the Tanasi opinion as amended no longer contains the "totally surrender" language is irrelevant. Compare Tanasi, 786 F.3d at 200, with Decl. Casey B. Laffey in Support of Def.'s Mot. for Entry of J. Ex. 2, ECF No. 83-2 (attaching opinion prior to amendment).

[2] For the purposes of this Memorandum Opinion & Order, the Court cites to the Amended Complaint, which was filed on January 28, 2014. Plaintiff moved for leave to add a defendant (a corporate entity related to defendant) and to limit the class definition to consumers in Massachusetts. The Court allowed plaintiff to amend only as to the class definition. (Mem. Decision & Order, Jan. 10, 2014, ECF No. 62.) All other allegations in the Complaint remains substantially similar.

wage garnishment of 15% of their pay. (Id. ¶¶ 21-24, 32.) Plaintiff claims that defendant disseminated this communication in violation of §§ 1692e and 1692f of the FDCPA because the law only allows wage garnishment up to 15% of disposable income. (Id. ¶ 25.)

The FDCPA's statutory damages provision permits individual plaintiffs to recover "any actual damages sustained" as a result of defendant's violation of the statute and "such additional damages as the court may allow, but not exceeding $1,000." 15 U.SC. § 1692k(a)(2)(A). The FDCPA also permits recovery for "the costs of the action, together with a reasonable attorney's fee determined by the court." Id. Plaintiff alleges only statutory damages in his complaint and seeks no actual damages. (Am. Compl. ¶ 49A.)

On September 10, 2013, defendant offered judgment to plaintiff pursuant to Federal Rule of Civil Procedure 68 in the amount of $1,501.00 plus reasonable attorney's fees and costs to be determined by the Court. (Def.'s Mem. of L. in Support of Mot. to Dismiss ("MTD") Ex. B, ECF No. 65-2.) The offer did not include any reservation of rights or avoidance of a finding of liability. (Id.) Plaintiff did not accept that offer of judgment, and the offer expired on September 24, 2013. (MTD Ex. B.) On December 2, 2013, plaintiff moved for class certification. On January 24, 2014, defendant moved to dismiss the action for lack of subject matter jurisdiction arguing that because plaintiff offered judgment in complete satisfaction of statutory damages he could have recovered if he were to prevail on his claims, the action is rendered moot. (MTD at 1, 6-7.)

On April 2, 2014, this Court granted defendant's motion to dismiss. (4/2/14 Op. at 9-10.) The Second Circuit vacated the dismissal on the grounds that plaintiff's "individual claim was not mooted by the Rule 68 <u>offer</u>," which itself "did not result in the <u>entry of any</u> <u>judgment</u> against the defendant," and remanded the case for further proceedings pursuant to its holding in <u>Tanasi</u>. <u>Franco v. Allied Interstate LLC</u>, No. 14-1464-cv (2d Cir. Jun. 11, 2015) (summ. order) (emphasis added). The instant motion practice followed.

      B.    <u>The Renewed Motion</u>

On May 18, 2015, defendant moved for entry of judgment for plaintiff and filed a [Proposed] Judgment requiring defendant to pay $1,501 to plaintiff within thirty days of entry of judgment and reasonable attorney's fees and costs as determined by the court within thirty days of the Court order setting the amount. Defendant also moved to dismiss the action in light of such judgment and payments rendering plaintiff's claim moot. Plaintiff has advanced two arguments in opposition. First, that the [Proposed] Judgment does not provide complete relief because: (1) it does not provide relief to the class, (2) it does not allow the Court from awarding the statutory attorney's fees or costs that that plaintiff sought in his Complaint, and (3) it postpones plaintiff's rights by giving defendant thirty days to after entry of judgment to make payment; and second, that in any event the class claims should survive.

II.    LEGAL PRINCIPLES

Rule 68 of the Federal Rules of Civil Procedure allows a defendant "serve on an opposing party an offer to allow judgment on specified terms." If the opposing

4

party "serves written notice accepting the offer . . . [t]he clerk must then enter judgment." On the other hand, if plaintiff does not accept the offer, then plaintiff "must pay the costs incurred after the offer was made" if the "judgment that [plaintiff] finally obtains is not more favorable than the unaccepted offer." Fed. R. Civ. P. 68. "The purpose of Rule 68 according to the Supreme Court is 'to encourage settlement and avoid litigation.'" Tanasi, 786 F.3d at 198 (quoting Marek v. Chesny, 473 U.S. 1, 5 (1985)).

### A. Entering Judgment Pursuant to Rule 68

Here, parties disagree as to whether judgment should be entered. In such situations, the Court should determine if offer provides plaintiff complete satisfaction of the relief he seeks in his Complaint. If so, the Court "should (absent additional procedural complications) enter judgment pursuant to the terms of that offer, with or without the plaintiff's consent." Hepler v. Abercrombie & Fitch Co., 607 F. App'x 91, 92 (2d Cir. 2015). This is because "[a] defendant offering judgment for complete relief is, in essence, submitting to the entry of default judgment. Just as a defendant may end the litigation by allowing default judgment, a defendant may always end the litigation by offering judgment for all the relief that is sought." Id.

### B. Mootness Following Entry of Judgment

An entry of judgment for plaintiff following a Rule 68 offer moots the plaintiff's claim. The Second Circuit held in Tanasi that "a rejected settlement offer under Rule 68, by itself, cannot render moot a case." 786 F.3d at 199-200. Instead, it is the "district court's entry of judgment providing [plaintiff] with complete relief"

that renders a plaintiff's claims moot. Bank v. Caribbean Cruise Line, Inc., 606 F. App'x 30, 31 (2d Cir. 2015) (citing Tanasi).

If a matter is rendered moot, there is no actual case or controversy, and thus federal courts may not entertain it. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc., 528 U.S. 167, 189 (2000); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Svcs. Empl. Int'l. Union, 132 S. Ct. 2277, 2287 (2012).

C.  Mootness of Class Claims

A plaintiff whose action is moot no longer has any claim before the court. In a putative class action, there is a theoretical issue as to whether such a plaintiff may nonetheless prosecute the action on behalf of a class. Put otherwise, does the fact of a class claim itself "provide an independent basis for justiciability" when no class has been certified? Tanasi, 786 F.3d at 200. The Court of Appeals has not ruled on this issue. Id. "[I]n general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot." Comer v. Cisneros, 37 F.3d 775, 798 (2d Cir. 1994) (emphasis added). Moreover, a plaintiff without a cognizable claim is definitionally atypical of individuals with claims, and for similar reasons, inadequate to represent the class. See Fed. R. Civ. P. 23(a). This procedural posture is different from a case in which a court has already granted class certification. Sosna v. Iowa, 419 U.S. 393, 394 (1975).[3]

---

[3] It is also distinct from a case in which a court denies class certification on the merits, plaintiff notices an appeal, and then the named plaintiff's claim expires. U.S. Parole Comm'n v.

III.   DISCUSSION

    A.   <u>Completeness of Relief as to Plaintiff's Individual Claims</u>

Plaintiff's arguments in support of his claim of incomplete relief as to his individual claim are unpersuasive. Defendant's offer is a complete satisfaction of the relief plaintiff sought in his Complaint. <u>See</u> <u>Hepler</u>, 607 F. App'x at 92. The entry of judgment against defendant therefore "provide[s] complete relief" to Franco, <u>Tanasi</u>, 786 F.3d at 200, and renders his claim moot. <u>Knox</u>, 132 S. Ct. at 2287; <u>Bank</u>, 606 F. App'x at 30.

    1.   <u>Attorney's Fees and Costs</u>

Defendant's [Proposed] Judgment also fully addresses plaintiff's request for attorney's fees and costs. Plaintiff argues that this Court "lacks the legal footing to award attorney's fees or costs—even if the Court were to conclude that Defendant's [Proposed] Judgment achieved the desired results albeit without a judgment on the merits." (Pl.'s Br. at 11.) This is incorrect. The Court of Appeals has held, "As a prevailing party under the FDCPA," a plaintiff who received a settlement offer for the maximum statutory amount (albeit not under Rule 68) was "presumptively entitled to an award of reasonable attorney's fees." <u>Cabala v. Crowley</u>, 736 F.3d 226, 228 (2d Cir. 2013). Furthermore, "As long as the [Rule 68] offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer

---

<u>Geraghty</u>, 445 U.S. 388, 393-94 (1980). In <u>Geraghty</u>, the Court specifically stated, "Our holding is limited to the appeal of the denial of the class certification motion." <u>Id.</u>, 445 U.S. at 404. <u>See also</u> <u>supra</u> n. 5.

7

will be valid." Marek, 473 U.S. at 6 (emphasis in original).  Finally, and alone dispositive, is defendant's own concession that this Court may enter such an award.

Plaintiff incorrectly cites both Buckhannon Bd. & Care Home, Inc. v. W. Va Dep't of Health & Human Res., 532 U.S. 598 (2001) and Emanuel v. Am. Credit Exch., 870 F.2d 805, 809 (2d Cir. 1989), for the proposition that the Court cannot award attorney's fees and costs without adjudication on the merits.  Buckhannon holds that voluntary changes in defendant's conduct—absent a judgment on the merits or a consent decree—cannot form the basis for awarding attorney's fees and costs.  532 U.S. at 604.  The Buckhannon Court specifically stated, "In addition to judgments on the merits, we have held that settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees."  Id. In Emanuel, the Second Circuit held that defendants in FDCPA actions cannot obtain attorneys' fees unless plaintiff brought the action in bad faith, and that plaintiffs may receive attorney's fees even in the absence of actual damages.  870 F.2d at 809.

Nothing in the text of the FDCPA prevents a court from awarding attorney's fees when it enters judgment for plaintiff, even if judgment is entered by way of a Rule 68 offer.  The FDCPA provides that "any debt collector who fails to comply with any provision of the subchapter . . . is liable . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a).  Judgment entered in plaintiff's favor fulfills the requirements.

8

2.   Post-judgment Interest

Plaintiff also contends that the [Proposed] Judgment does not provide him with full relief because it allows defendant thirty days to pay the judgment to plaintiff and deprives him of post-judgment interest for those thirty days. This argument is specious. Post-judgment interest from the date of entry of judgment is mandatory regardless of whether it is specifically enumerated in the [Proposed] Judgment. See 28 U.S.C. § 1961(a); Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996). [4]

B.   Mootness of Class Claims

The Second Circuit did not address the question of whether, upon entry of judgment that renders moot plaintiff's individual claim, the class action is also moot. Franco, 602 F. App'x at 41. The Court sees no reason to disturb its determination on April 2, 2014 that when "the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot." (4/2/14 Order, at 7 (quoting Comer, 37 F.3d at 798).)[5] Other potential plaintiffs—who seek

---

[4]   Even if for some reason post-judgment interest were not awarded, the [Proposed] Judgment nevertheless affords full relief to plaintiff because the offered amount exceeds plaintiff's maximum statutory damages by over 50 percent. Any post-judgment interest within 30 days would be far less than the $501.00 in excess of the $1,000 maximum statutory penalty that plaintiff would receive under the [Proposed] Judgment.

[5]   Plaintiff is also confused about the status of his class certification motion. Plaintiff states that "[h]ere, class certification has already been denied," asks the Court to "reconsider the class claims," and argues that pursuant to Geraghty, 445 U.S. 388, the Court should allow the class claims to proceed even if the individual claims are moot. (Pl.'s Br. at 6, 13.)

Once the Court dismissed plaintiff's claims, there was no action left to certify. (4/2/14 Order at 9-10) (citing Swan v. Stoneman, 635 F.2d 97, 102 (2d Cir. 1980).) The Court did not adjudicate the merits of the motion for class certification at that time (a fact that plaintiff concedes), although it noted the obvious—which is that as plaintiff no longer has a claim, he is no longer an appropriate class representative. (4/2/14 Order at 9-10). As discussed in Footnote 3 above, Geraghty involved a plaintiff whose individual claim became moot via expiration rather than entry of judgment, and who

9

only statutory damages and not injunctive relief—remain "free to vindicate their rights in their own suits . . . even if a class action proves untenable." (Id. at 8.) In FDCPA actions—with recoverable fees for successful plaintiffs—issues with being financially able to pursue claims are not prominent.

Finally, the Court makes an additional observation. Although there had been proposed amendments "to make Rule 68 inapplicable to class actions . . . they were rejected both times." Weiss v. Regal Collections, 385 F.3d 337, 344 (3d Cir. 2004), as amended (Oct. 22, 2004) (citing 98 F.R.D. at 363, 102 F.R.D. at 433). Although this Court recognizes the underlying policy debate, it follows the intentions of the drafters of the Federal Rules, that "Rule 68 [is] to have a uniform, consistent application in *all* proceedings in federal court." Marek, 473 U.S. at 23.

IV.  CONCLUSION

For the reasons set forth above, defendant's motion to enter judgment is GRANTED. The Clerk of Court is directed to enter judgment in favor of plaintiff Gilberto Franco in the amount of $1,501.00, plus any post-judgment interest, against defendant Allied Interstate LLC. Payment shall be rendered to plaintiff

---

sought to appeal a prior denial of class certification on the merits. 445 U.S. at 401, 404. Neither situation applies to plaintiff in this case.

Even if this Court's prior decision was construed as a ruling on the merits of class certification, plaintiff is foreclosed from challenging it as he did not pursue this on appeal. (See Br. of Appellant-Plaintiff, Franco v. Allied Interstate LLC., 2014 WL 4049932, at *40 (2d Cir. 2014).) Plaintiff's request for "reconsideration" also comes far too late, and without basis. See Local Rule 6.3; Fed. R. Civ. P. 59(e); Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (requiring parties seeking reconsideration to "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

within thirty days of this Order.  Parties shall confer as to reasonable attorney's fees and costs, and submit a motion to this Court.

The Clerk of Court is directed to close the motion at ECF Nos. 82 and 85 and to terminate this action.

SO ORDERED.

Dated:      New York, New York
            November 30, 2015

                                    _____
                                         KATHERINE B. FORREST
                                        United States District Judge