UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                :

GILBERTO FRANCO, on behalf of himself and  :
all others similarly situated

                                               :

                        Plaintiff,  :

                                               :

          -v-          :

                                               :

ALLIED INTERSTATE LLC f/k/a ALLIED  :
INTERSTATE, INC.,

                                               :

                     Defendant.  :

------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 13, 2018

13-cv-4053 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

Once again before the Court is plaintiff Gilberto Franco's ("Franco" or "plaintiff") motion for class certification, originally filed December 2, 2013. (ECF No. 42.) Following issuance of a Summary Order from the United States Court of Appeals for the Second Circuit reversing the Court's prior denial of that motion, the Court accepted supplemental briefing from the parties. (ECF No. 117.) Having carefully considered the parties' respective arguments, and for the reasons stated below, the Court concludes that plaintiff's motion for certification must be denied.

I.    BACKGROUND

As a result of two separate appeals to the Second Circuit, this action has a long and somewhat complicated history. What follows is a brief summary of the facts most relevant to resolution of the present motion.

A.    Complaint and Rejected Offer of Judgment

Plaintiff originally commenced this action against defendant Allied Interstate LLC ("Allied" or "defendant"), a national debt collection agency, on June 13, 2013. (ECF No. 1.) The operative complaint alleges, in sum, that defendant's collection practices violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. (See Am. Compl. ¶ 1, 2, 9, ECF No. 67.)  Specifically, plaintiff alleges that defendant's written communications warned debtors that they may be subject to wage garnishment of 15% of their pay.  (Id. ¶¶ 21-24, 32.)  Plaintiff claims that defendant disseminated this communication in violation of §§ 1692e and 1692f of the FDCPA because the law only allows wage garnishment up to 15% of disposable income.  (Id. ¶ 25.)

The FDCPA's statutory damages provision permits individual plaintiffs to recover "any actual damages sustained" as a result of defendant's violation of the statute and "such additional damages as the court may allow, but not exceeding $1,000."  15 U.SC. § 1692k(a)(2)(A).  The FDCPA also permits recovery for "the costs of the action, together with a reasonable attorney's fee determined by the court."  Id. The operative complaint only seeks statutory damages, and does not include a prayer for actual damages.  (See Am. Compl. ¶ 49A.)

On September 10, 2013, defendant offered judgment to plaintiff pursuant to Fed. R. Civ. P. 68 in the amount of $1,501.00 plus reasonable attorney's fees and costs to be determined by the Court.  (Def.'s Mem. of L. in Support of Mot. to Dismiss ("MTD") Ex. B, ECF No. 65-2.)  The offer did not include any reservation of

rights or avoidance of a finding of liability.  (Id.)  Plaintiff did not accept that offer of

judgment, and the offer expired on September 24, 2013.

B.      Dismissal and Appeal

On December 2, 2013, plaintiff moved for class certification pursuant to Fed.

R. Civ. P. 23.  (ECF No. 42.)  Plaintiff sought certification of a class consisting of

"[a]ll natural persons in the Commonwealth of Massachusetts . . . to whom Allied

Interstate sent a written communication [in violation of the FDCPA] . . . during the

period beginning June 13, 2012 and ending June 13, 2013."  (Id.)  At the time,

plaintiff argued that the typicality requirement was satisfied because "Allied

Interstate sent Plaintiff and each [putative] class member the same, standardized,

written communication" that allegedly violated the FDCPA, and therefore all claims

were "based on the same legal theory."  (See Pl.'s Mem. of Law in Supp. of Mot. for

Class Certification ("Pl.'s Mem.") at 8, ECF No. 43.)  Plaintiff further argued that he

was an adequate class representative because he was pursuing the same claims and

relief as all putative class members, and therefore there was "no potential for

conflicting interests in this action."  (Id. at 8-9.)

Defendant moved to dismiss the action for lack of subject matter jurisdiction

on January 24, 2014, arguing that because it had offered plaintiff judgment in

complete satisfaction of the statutory damages he could potentially recover, the

action was rendered moot.  (See MTD at 1, 6-7.)  As part of that motion, defendant

further argued that because plaintiff's claims were moot, he had "no remaining

stake or interest in the outcome of this litigation" and therefore could not fairly or

adequately represent the proposed class.  (Id. at 7-8.)  The Court agreed, and on

April 2, 2014 issued a Memorandum Decision & Order granting defendant's motion

to dismiss and denying plaintiff's motion for class certification.  (ECF No. 78.)

Plaintiff appealed (ECF No. 80).  On May 18, 2015, the Second Circuit

vacated the Court's dismissal, reasoning that plaintiff's "individual claim was not

mooted by the Rule 68 offer," which itself "did not result in the entry of any

judgment against the defendant," and remanded the case for further proceedings

pursuant to its holding in Tanasi v. New Alliance Bank, 786 F.3d 195 (2d. Cir. 2015)

(as amended May 21, 2015).  Franco v. Allied Interstate LLC, 602 F. App'x 40 (2d

Cir. 2015) (summ. order) (emphasis added) ("Franco I").  The Second Circuit did not

address whether plaintiff's motion for class certification should have been denied.

C.    Entry of Judgment and Appeal

The same day the Second Circuit issued its decision, defendant moved for

entry of judgment for plaintiff and filed a proposed judgment requiring defendant to

pay $1,501 to plaintiff within thirty days of entry of judgment and reasonable

attorney's fees and costs as subsequently determined by the court.  (ECF No. 82.)

Defendant's proposed judgment specifically noted that the previous offer of

judgment "would fully satisfy Plaintiff's claims against Defendant and exceeds the

maximum amount he could recover under the FDCPA."  (ECF No. 82-1.)  Defendant

simultaneously moved to dismiss the action in light of the proposed judgment and

payments which would render plaintiff's claim moot.  Following a round of briefing,

the Court issued an Opinion & Order on November 30, 2015 granting defendant's

motion to enter judgment.  (ECF No. 101.)  Judgment was entered pursuant to that

Opinion & Order the very same day.  (ECF No. 102.)

Plaintiff once again appealed, and on April 9, 2018, the Second Circuit

vacated the Court's entry of judgment.  <u>Franco v. Allied Interstate LLC</u>, Case No.

15-4003 (2d Cir. April 9, 2018) (summ. order) ("<u>Franco II</u>").  The Second Circuit

reasoned that "an unaccepted Rule 68 offer is a legal nullity and therefore provides

no basis for the entry of judgment," and that "the class certification motion will

again be open on remand."  <u>Id.</u> at 2-3.

D.    <u>Supplemental Briefing</u>

The Second Circuit mandate remanding this case for further proceedings

issued on April 30, 2018.  (ECF No. 112.)  That same day, defendant filed a letter

arguing that plaintiff's class certification motion should be denied on the merits.

(ECF No. 111.)  Plaintiff responded to that letter on May 7, 2018 (ECF No. 114), and

filed a corrected response on May 8, 2018 (ECF No. 115).

On May 18, 2018, the Court issued an order soliciting additional and more

comprehensive supplemental briefing from both parties.  (ECF No. 117).  In doing

so, the Court noted that "the majority of the parties' [previously briefed] arguments

ha[d] been directed towards mootness," which was off the table as a result of the

Second Circuit's two summary orders.  Defendant duly submitted a supplemental

memorandum of law in opposition to the certification motion on June 4, 2018 (ECF

No. 119), and plaintiff submitted a supplemental memorandum in support on June

18, 2018 (ECF No. 120).

II.     LEGAL PRINCIPLES

In 2011, the Supreme Court reiterated the long-standing principle that litigation by way of a class is the exception and not the rule.  See Wal–Mart Stores, Inc. v. Dukes, 564 U.S. 338, 348 (2011) (citing Califano v. Yamasaki, 442 U.S. 682, 700-701 (1979)).  Prior to certifying a class, a district court must undertake a rigorous analysis that looks at each of the required elements under Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, and tests whether they are satisfied by a preponderance of the evidence.  Id. at 350-51.  Importantly, Rule 23 is not a mere pleading standard.  Id. at 350.  The party seeking certification has the burden of affirmatively demonstrating compliance with the Rule—that is, "he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc."  Id. (emphasis in original).  A district court's class certification determination is reviewed for abuse of discretion.  See Waggoner v. Barclays PLC, 875 F.3d 79, 92-93 (2d Cir. 2017).

There are four separate prerequisites of Rule 23(a):

1.    the class must be so numerous that joinder of all members is impractical (numerosity);

2.    there must be questions of law or fact common to the class (commonality);

3.    the claims or defenses of the representative parties must be typical of the claims or defenses of the class (typicality); and

4. the representative party must fairly and adequately protect the interests of the class (adequacy).

See Novella v. Westchester County, 661 F.3d 128, 149 (2d Cir. 2011). "What matters to class certification . . . is not the raising of common 'questions' . . . but, rather the capacity of a classwide proceeding to generate common answers . . . . Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." Wal-Mart, 564 U.S. at 350 (citation omitted).

The present motion raises particular concerns with regards to Rule 23(a)'s typicality and adequacy requirements. Typicality requires that the claims of the class representatives be typical of those of the class, and is generally satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Marisol A. v. Giuliani, 126 F.3d 372, 376 (2d Cir. 1997) (internal quotation omitted); see also Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993).

Adequacy, on the other hand, requires inquiry into whether: (1) "plaintiff's interests are antagonistic to the interest of other members of the class"; and (2) "plaintiff's attorneys are qualified, experienced and able to conduct the litigation." Baffa v. Donaldson, Lufkin & Jenrette Securities Corp., 222 F.3d 52, 60 (2d Cir. 2000) (quoting In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992). The Second Circuit has further held that "the proposed class representative must have an interest in vigorously pursuing the claims of the class." Denney v. Deutsche Bank AG, 443 F.3d 253, 268 (2d Cir. 2006).

In addition to meeting the requirements of Rule 23(a), plaintiff must be able to demonstrate by a preponderance of the evidence that the class meets one of the requirements of Rule 23(b). Here, plaintiff seeks certification pursuant to Rule 23(b)(3), which requires a finding that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "Predominance is satisfied if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." Waggoner, 875 F.3d at 92-93 (citing Roach v. T.L. Cannon Corp., 778 F.3d 401, 405 (2d Cir. 2015) (internal quotation marks omitted).

III.   DISCUSSION

Having carefully reviewed the parties' respective arguments, the Court concludes that plaintiff is not an adequate representative of the proposed class, and that plaintiff's motion for class certification under Rule 23 must be DENIED.

A.   Typicality

The claims and defenses likely to be raised in plaintiff's case appear to be "typical" of the putative class members, at least insofar as that term has been interpreted by courts in this Circuit.[1] See Marisol A. v. Giuliani, 126 F.3d at 376.

---

[1] Defendant has suggested that plaintiff's unique circumstances "subject [him] to unique defenses which threaten to become the focus of the litigation." (See Def.'s Supplemental Mem. of Law in Opp'n ("Def.'s Supp. Mem.") at 5, ECF No. 119 (citing Falcon v. Philips Elecs. N. Am. Corp., 304 F. App'x 896, 97 (2d Cir. 2008) (internal quotation omitted)).) If true, that would be relevant to the

Defendant argues that, because plaintiff has been compensated in excess of his alleged injury, he no longer has a "typical" claim or injury. But as the Second Circuit noted in this very case, "an unaccepted Rule 68 offer is a legal nullity." Franco II at 2. It follows that an unaccepted Rule 68 offer does not (and cannot) alter the nature of plaintiff's claims and/or injury in any way that is dispositive of the Rule 23(a)(3) inquiry.

That being said, the Court understands and agrees with defendant's broader point that plaintiff is not "typical" of the rest of the class, at least from a colloquial perspective. To wit, plaintiff is the only potential class member to have been offered judgment in full satisfaction[2] of his individual claims. Furthermore, plaintiff is the only potential class member to have rejected such an offer. Thus, although plaintiff may have "typical" claims, he appears likely to litigate those claims in a decidedly atypical way. These considerations are important to the Court's overall Rule 23 analysis, but because the Rule 23(a)(3) inquiry appears to be limited to whether the representative claims and defenses are substantively "typical," the Court will incorporate this discussion when addressing the "adequacy" of plaintiff's representation.

---

Court's analysis of "typicality" under Rule 23. But defendant has not explained what "unique defenses" plaintiff is subject to (other than those already rejected by the Second Circuit), and the Court will not speculate as to why defendants believe that line of cases applies or deny certification on the basis of defendant's conclusory assertion.

[2] Plaintiff argues that the rejected offer was "paltry" because it did not account or provide for class-wide relief. (See Mem. of Law in Supp. of Pl.'s Response to Def.'s Supp. Opp'n ("Pl.'s Supp. Mem.") at 4, ECF No. 120.) But the Court has not yet certified a class in this action, and until it does, plaintiff has no standing to assert class-wide damages or seek class-wide relief.

B.     Adequacy

Pursuant to Rule 23(a)(4) and relevant precedent, the Court may only certify a class action if it is satisfied, by a preponderance of the evidence, that the representative party will "fairly and adequately protect the interests of the class." See Fed. R. Civ. P. 23(a)(4); Wal-Mart, 564 U.S. at 350-51.  As part of that inquiry, the Court must ask whether "plaintiff's interests are antagonistic to the interest of other members of the class," Baffa, 222 F.3d at 60, and whether plaintiff "ha[s] an interest in vigorously pursuing the claims of the class," Denney, 443 F.3d at 268. Importantly, plaintiff bears the burden of affirmatively demonstrating compliance with the Rule.  Wal-Mart, 564 U.S. at 350.  Here, plaintiff has failed to do so.

As previously noted, plaintiff received and rejected a Rule 68 offer of judgment that would have fully compensated him for his individual claims.  And the factual record is completely silent as to why he did so, or what kind of offer would have been acceptable.  Indeed, there is no factual record as to this plaintiff on this issue at all.  This is not an insignificant point.  A class representative will be a decisionmaker with regard to the acceptance or rejection of a settlement; that is, he will need to make judgments as to reasonableness.  On this motion for class certification, it is plaintiff's burden under Wal-Mart to demonstrate to the Court by a preponderance of the evidence that decisions of this type will be made reasonably, in good faith, and in the interests of the majority of the class members.  The record currently before the Court consists of an unexplained rejection of an offer that would amount to full satisfaction of plaintiff's individual claim.

It is certainly true that plaintiff's <u>counsel</u> has provided an explanation for plaintiff's rejection—namely, that the offer was rejected because it did not provide class-wide relief. (<u>See</u> Pl.'s Supp. Mem. at 4-5.) And in support of that argument, plaintiff's counsel submitted a declaration signed by an attorney, Andrew T. Thomasson, stating that "the combined amount of class damages, attorneys' fees, and costs is more than one hundred times the $2,750 Allied tendered for 'Plaintiff's claim.'" (<u>See</u> Decl. of Andrew T. Thomasson ("Thomasson Decl.") ¶ 3, ECF No. 120.) But this attorney argument is not equivalent to a factual record from plaintiff that demonstrates his decisionmaking and how his decisionmaking on this issue would correspond to his conduct on behalf of the class.

It is of course possible that plaintiff is the type of person willing to subordinate his own personal recovery for the good of the class, or, alternatively, the type of person who values trial or non-monetary vindication over individual recovery. The former <u>might</u> allow him to nonetheless be an adequate class representative, but the latter two would not. Absent a factual record from <u>plaintiff</u> setting forth his rationale and expected conduct in light of past behavior, the Court is left with the distinct possibilities that: (1) this litigation is entirely lawyer-driven; and/or (2) that while the claims plaintiff has asserted would be satisfied by monetary relief, <u>this</u> particular plaintiff does not plan on agreeing to a monetary settlement. Those possibilities create multiple problems vis-à-vis plaintiff's proposed representation for purposes of Rule 23(a)(4).

First, if plaintiff is willing to forgo recovery on his own behalf, there is no telling how many potential class members he is willing to prejudice for the "greater good." Assuming for the moment that there are 1,000 potential class members, would plaintiff (and his counsel) accept an offer that makes 750 of those class members whole? How about 500? And what if the proposed offer made all class members whole, but did not provide for attorneys' fees and costs, which the Thomasson Declaration makes clear are already extensive? Alternatively, if plaintiff is primarily interested in non-monetary judicial recognition of the alleged violations at issue, it is unclear whether plaintiff would accept any monetary settlement that would result in dismissal of this action pre-trial. That may be true even if a significant majority of the class members would prefer such a settlement. These are the types of issues that most Rule 23 class representatives face; the Court does not intend to suggest that plaintiff faces any unique challenges in this litigation. However, given that plaintiff has already rejected a considerable offer without explanation (besides that provided by counsel), the Court has substantial concerns regarding his adequacy to represent the class. Second, if this case really is lawyer-driven, the Court has concerns regarding plaintiff's interest in "vigorously pursuing the claims of the class." Denney, 443 F.3d at 268.

One final note. Plaintiff has suggested that defendant's offer of judgment and subsequent argument against class certification allow it to "unilaterally avoid class liability through gimmicks or creative litigation strategies." (Pl.'s Supp. Mem. at 5.) Presumably, plaintiff is concerned that defendant will be incentivized to offer

judgment to <u>any</u> named plaintiff brought into this action (or other action), and that plaintiff will therefore be deemed "inadequate" under Rule 23. That concern is purely hypothetical, and on the record here, speculative. It is not based in any facts tethered to this case. There is not a single fact suggesting that: (1) if plaintiff is deemed an inadequate representative due to his rejection of a fulsome offer, another potential plaintiff would or could be proffered; (2) that defendant would then proceed to "pick off" by making a similar offer. Thus, this argument is without factual basis and is purely speculative. Moreover, any future plaintiff would be subject to their own individualized analysis under Rule 23, and that plaintiff might submit an adequate factual record under Rule 23.

For the reasons stated above, and keeping in mind the Supreme Court's clear recognition that class litigation is the exception rather than the rule, <u>Wal-Mart</u>, 564 U.S. at 348, the Court concludes by a preponderance of the evidence before it that plaintiff is not an adequate representative of the proposed class under Rule 23(a)(4). Accordingly, plaintiff's motion for class certification is DENIED.

IV.   <u>CONCLUSION</u>

Plaintiff's motion for class certification at ECF No. 42 is hereby DENIED.

The parties are directed to meet and confer and file a joint letter setting forth a proposed schedule for resolution of plaintiff's individual claims not later than **Monday, July 23, 2018**.

SO ORDERED.

Dated:       New York, New York
              July 13, 2018

                                            KATHERINE B. FORREST
                                     United States District Judge